## MRS. R. E. HEARD v. MRS. L. M. HOLBROOK.

(131 N. W. 251.)

**Justice of the Peace — Voluntary Appearance — Waiver of Special Appearance.**

   1. A defendant who, after appearing specially for the purpose of objecting to the jurisdiction of a justice of the peace, thereafter moves for a change of venue, and, at the time fixed for trial by the justice to whom the case has been transferred, appears and defends the action on the merits, thereby makes a voluntary appearance in the action, and he must be deemed to have waived the benefit of such special appearance and the objections urged thereunder to

Note.—Mandamus in exercise of superintending control over inferior courts, see note in 51 L.R.A. 33.

jurisdiction over his person. Since the decision in the case of Miner v. Francis, 3 N. D. 549, 58 N. W. 343, the legislature has amended and re-enacted the statute then in force (§ 11, Justices' Code, 1877, being § 6050, Comp. Laws, 1887) by prescribing what shall constitute a voluntary appearance. Hence such case is no longer a controlling authority.

**Justice of the Peace — Appeal — Collateral Attack.**

2. The transcript of the justice on appeal is not subject to impeachment in the district court collaterally, and such court properly denied defendant's motion for an order requiring the justice to alter his docket entries, and for the same reason that court properly refused to receive parol proof contradicting such docket entries.

**Justice of the Peace — Mandamus — Compelling Judicial Action.**

3. Mandamus will not lie to compel the justice to alter his docket entries to conform to alleged facts claimed by the relator to exist.

Opinion filed March 28, 1911. Rehearing denied May 3, 1911.

Appeal from District Court, Pierce county; *A. G. Burr,* J.
From a judgment in plaintiff's favor, defendant appeals.
Affirmed.

*Paul Campbell,* for appellant.

Where a party served with irregular process promptly calls the court's attention to it, service should be quashed and case dismissed. 20 Enc. Pl. & Pr. p. 1162; 24 Cyc. Law & Proc. pp. 519 & 521; Waring v. McKinley, 62 Barb. 612; Titus v. Whitney, 16 N. J. L. 85, 31 Am. Dec. 228; Richmond & D. R. Co. v. Rudd, 88 Va. 648, 14 S. E. 361; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; 32 Cyc. Law & Proc. pp. 459, 519–526; Wood v. Payea, 138 Mass. 62; Monroe v. White, 25 App. Div. 292, 49 N. Y. Supp. 517; Jones v. Marshall, 3 Kan. App. 529, 43 Pac. 840; Jones v. Danforth, 71 Neb. 722, 99 N. W. 495; Hoitt v. Skinner, 99 Iowa, 360, 68 N. W. 788; Miner v. Francis, 3 N. D. 549, 58 N. W. 343; Falkner v. Guild, 10 Wis. 563.

Continuance before a return date, and on grounds not statutory, devests jurisdiction. 4 Enc. Pl. & Pr. pp. 893–896, and cases cited; Martin v. Fales, 18 Me. 23, 36 Am. Dec. 693; Spencer v. Perry, 17 Me. 413; Stretch v. Forsyth, 3 N. J. L. 713; Halsey v. Whitlock, 3 N. J. L. 869; Nicholson v. Wright, 16 N. J. L. 232; Deland v. Richardson, 4 Denio, 95; Stadler v. Moors, 9 Mich. 264; Pinney v. Petty, 47 Vt. 616; Briggs v. Tye, 16 Kan. 285; 24 Cyc. Law & Proc. pp. 487, 577,

578, 637; Ruberts v. Hathaway, 42 Mich. 592, 4 N. W. 307; Leonosio v. Bartilino, 7 S. D. 93, 63 N. W. 543; Lyman-Eliel Drug Co. v. Cooke, 12 N. D. 88, 94 N. W. 1041; Plano Mfg. Co. v. Stokke, 9 N. D. 40, 81 N. W. 70; Hatch v. Christmas, 68 Mich. 84, 35 N. W. 833; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605.

Failure to enter judgment on return of verdict devests the justice of jurisdiction of person and subject-matter. 24 Cyc. Law & Proc. pp. 597–603; 12 Enc. Pl. & Pr. pp. 730–732; 12 Am. & Eng. Enc. Law, p. 459; Porter v. Parker, 4 Dak. 397, 33 N. W. 70; Re Evingson, 2: N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733; Sluga v. Walker, 9' N. D. 108, 81 N. W. 282; Clark v. Read, 5 N. J. L. 486; Peterson v. Hansen, 15 N. D. 198, 107 N. W. 528; Brown v. Smith, 13 N. D. 580, 102 N. W. 171; Rev. Codes 1905, §§ 8436, 8437.

Lower court can be compelled to correct its return. 3 Cyc. Law & Proc. pp. 50–52, 141, 144, 152; 25 Cyc. Law & Proc. p. 215; 2 Enc. Pl. & Pr. pp. 301, 303; 17 Enc. Pl. & Pr. p. 917; Foster v. Woodfin, 65 N. C. 29; State v. Christensen, 21 Minn. 500; Landa v. Harris, — Tex. Civ. App. —, 40 S. W. 551; 24 Cyc. Law & Proc. p. 500; Struber v. Rohlfs, 36 Kan. 202, 12 Pac. 830; Wilson v. Paxton, 7 Kan. App. 79, 52 Pac. 911; McCormick Harvesting Mach. Co. v. Halvorson, 11 S. D. 427, 74 Am. St. Rep. 820, 78 N. W. 1000; Worley v. Shong, 35 Neb. 311, 53 N. W. 72.

Mandamus lies to correct docket entries. State ex rel. Green v. Van Ells, 69 Wis. 19, 32 N. W. 32; Larson v. Johnson, 83 Minn. 351, 86 N. W. 350.

*L. N. Torson* and *R. E. Wenzel,* for respondents.

Defective designation of return day in summons is sufficient to require diligence of defendant. 20 Enc. Pl. & Pr. p. 1162; Merrick v. Mayhue, 40 Mich. 196; 12 Enc. Pl. & Pr. p. 671; Bliss v. Harris, 70' Ill. 343; Wright v. Phillips, 2 G. Greene, 191; 20 Enc. Pl. & Pr. p. 1171.

Substantial compliance with statutes regulating powers of a justice of the peace is sufficient. 12 Enc. Pl. & Pr. p. 671; Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666; Nadel v. Campbell, 18 Idaho, 335, 110' Pac. 262; Lyman-Eliel Drug Co. v. Cooke, 12 N. D. 88, 94 N. W. 1041.

Appearance for any purpose except to object to jurisdiction waives defects in summons. Miner v. Francis, 3 N. D. 549, 58 N. W. 343; William Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926; Mead v.

Sanders, 57 Minn. 108, 58 N. W. 683; Benoit v. Revoir, 8 N. D. 226,. 77 N. W. 605.

One objecting to jurisdiction cannot participate in any proceedings on the merits, and save his special appearance. 12 Am. & Eng. Enc. Law, p. 440; 2 Enc. Pl. & Pr. pp. 625, 626; 12 Enc. Pl. & Pr. pp. 630, 631, 693; 3 Cyc. Law & Proc. p. 525, subdiv. 3; Gans v. Beasley, 4 N. D. 140, 59 N. W. 714; Barry v. Wachosky, 57 Neb. 534, 77 N. W. 1080; Lowe v. Riley, 57 Neb. 252, 77 N. W. 758; Plano Mfg. Co. v. Nordstrom, 63 Neb. 123, 88 N. W. 164; Nesbit v. Long, 37 Ind. 300; Burt v. Bailey, 21 Minn. 403; Magmer v. Renk, 65 Wis. 364,. 27 N. W. 26; Lowe v. Stringham, 14 Wis. 222.

Justice's docket cannot be attacked upon affidavits or parol testimony showing falsification. Plymat v. Brush, 46 Minn. 23, 48 N. W. 443; Mouser v. Palmer, 2 S. D. 466, 50 N. W. 967; Freeman, Judgm. 40, 41; Troy v. Rodgers, 162 Mich. 28, 127 N. W. 31; McCormick v. Cleveland, 98 Wis. 522, 67 Am. St. Rep. 827, 74 N. W. 339; State ex. rel. Hanke v. Myers, 70 Minn. 179, 68 Am. St. Rep. 521; 72 N. W. 969; Smith v. Petrie, 70 Minn. 433, 73 N. W. 155; Smith v. Kistler,. 84 Minn. 102, 86 N. W. 876; Lewis v. Gallup, 5 N. D. 384, 67 N. W. 137; Re Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733;. 2 Enc. Pl. & Pr. pp. 301, 302.

Mandamus will not lie to compel justice to correct his docket. Garnett v. Stacy, 17 Mo. 601, cited in 26 Cyc. Law & Proc. p. 197; Ex. parte Newman, 14 Wall. 152, 20 L. ed. 877; 26 Cyc. Law & Proc. p. 178; State ex rel. Mooney v. Edwards, 51 N. J. L. 479, 17 Atl. 973;. 26 Cyc. Law & Proc. pp. 172, 215; Ross v. Lane, 3 Smedes & M. 695,. cited in 26 Cyc. 423; O'Brien v. Tallman, 36 Mich. 13.

Fisk, J. This litigation arose in the justice's court of one George W. Fraine, justice of the peace at Rugby, in Pierce county. Summons. was issued by such justice on June 27th, 1908, and the return day was. apparently first designated as July 3d and afterwards changed to July 8th; and in making such change the figure "8," was apparently placed over the figure "3," leaving it somewhat illegible. The copy of the summons which was served on defendant is, as to the return date,. equally illegible, but the figure appears more like the figure "3" than. the figure "8," and the letters "rd" attached thereto were not changed as in the original. On July 3d defendant, through her attorney, made

a special appearance before such justice, and moved to dismiss the action and to quash the service of the summons therein, "for the reason that no copy of the summons in this action has been served upon this defendant, and that the purported copy contains no date for the appearance of the defendant, and that the purported date is illegible." Such motion was denied and an exception saved. The justice's transcript discloses that on July 6th such justice, on his own motion, postponed the trial of such action until July 9th, giving as a ground therefor the pendency of other matters before the court. On July 9th the case was called, and the defendant, by her attorney, appeared specially, and moved to dismiss upon the same grounds which were assigned in his previous motion; and also upon the ground that the court, by such postponement, had lost jurisdiction, which motion was denied and an exception saved. Thereupon defendant made a motion for change of venue, supporting the same by the statutory affidavit, and the action was transferred to one Phil. Cocking, justice of the peace in said county, who set the date of hearing on July 13th at his office in Rugby. It is conceded by appellant's counsel that the making of the motion for such change of venue operated as a voluntary appearance in the action. On the latter date both parties appeared, and appellant filed an answer to the plaintiff's complaint and demanded a jury trial. A jury was accordingly impaneled and a trial had, which resulted in a disagreement of the jury, whereupon a second jury was impaneled, and the cause tried upon the merits, resulting in a verdict in plaintiff's favor on July 14th. Thereafter, and on July 16th, the record discloses that the defendant, through her attorney, made another special appearance for the purpose of objecting to the jurisdiction of the court, and moved to dismiss the action for the reason "that a verdict was given and entered in this action by a jury on July 14, 1908, and that judgment has not been rendered or entered thereon, and was not so rendered or entered on said date, and no adjournment was taken or entered on the docket herein, and said judgment was not rendered or entered after the verdict in said action, and as required by law, and that said justice has not jurisdiction to enter and render said judgment in said action, but has lost jurisdiction thereby." Such motion was in writing, and bears the filing mark of the justice, but the transcript of the justice's

docket contains no ruling thereon. Such transcript, however, contains a recital as follows:

Upon return of the verdict of the jury, the court orders and adjudges that the plaintiff have and recover judgment against the defendant for the sum of $6 and costs of this action, taxed by me at $32.80, total $32.80.

[Signed] Phil Cocking, J. P.

Thereafter an appeal was taken and duly perfected from such judgment to the district court, and on January 21, 1909, defendant moved for an order of the district court correcting the transcript certified upon such appeal by said justice of the peace, so that the same would show that judgment was not entered on the verdict of the jury until July 16th, and to make certain other changes in such transcript. In support of the motion, defendant's counsel produced certain affidavits showing what he contended to be the true facts regarding the date of the entry of judgment by the justice. The district court denied such motion, and this ruling forms the basis of one of appellant's assignments of error.

On April 21, 1909, the appeal came regularly on for hearing in the district court, at which time defendant's counsel sought to prove, by extrinsic evidence, that certain entries in the justice's docket were false, which offer was refused and exception taken. Defendant's counsel then requested that further proceedings on such appeal be stayed until the determination of a certain mandamus proceeding, instituted by defendant to compel the justice to make certain alleged corrections in the docket entries in said action, which request was also refused and an exception taken.

Thereafter the district court made its order directing the entry of judgment in plaintiff's favor, and judgment was entered on December 6th. On February 17, 1910, an order to show cause was issued by the district court on defendant's motion, returnable February 28th, requiring plaintiff to show cause why the order for judgment theretofore entered should not be vacated or modified in so far as it directed the clerk to enter the judgment of the justice of the peace as and for the judgment of the district court, and why the judgment as entered should not be modified in certain particulars so as to conform to the

order for judgment. On the return of such order to show cause, the order for judgment and judgment theretofore entered were modified in certain particulars not here material to mention, and defendant's counsel excepted to the refusal of the court to vacate *in toto* both the said order and the judgment entered pursuant thereto.

Appellant's first, second, and third assignments of error are predicated upon the refusal of the district court to sustain her contentions with reference to the alleged want of jurisdiction of the justice because of the defect in the summons above referred to, and the postponement of the case by the justice.

These assignments are devoid of merit. By moving for a change of venue, and by answering and going to trial on the merits, it is entirely clear under the statute, as it has existed since January, 1896, that defendant waived the benefit of her special appearance, and forever foreclosed her right to urge a lack of jurisdiction of the justice. Appellant relies upon the case of Miner v. Francis, 3 N. D. 549, 58 N. W. 343, in support of her contention that she has not waived her objections to the jurisdiction of the justice's court. That decision was rendered, however, prior to the adoption of the Revised Codes of 1895, and under a statute radically different from the present one. This important fact appellant's counsel has apparently overlooked, although in his brief he remarks that § 8358, Rev. Codes 1905, would seem to be in conflict with the opinion in the Miner Case. It is not strange, that this conflict should thus appear to counsel, for it was the evident purpose of the legislature in amending the section in the 1895 Revision to change the rule announced in that case. At the time the Miner Case was decided, § 6050, Compiled Laws 1887, was in force, reading as follows: "An action in a justice's court is commenced by issuing the summons, or by the voluntary appearance and pleading of the parties." In the 1895 Revision, the section was amended and re-enacted to read: "An action in a justice's court is commenced by the issuance of a summons, or by the voluntary appearance and pleading of the parties. An appearance for any purpose except to interpose or maintain an objection to the jurisdiction assumed under the process is a voluntary appearance." Sec. 6635, Rev. Codes 1895. It needs no argument to show that under the section last quoted defendant made a voluntary appearance in the action when she moved for a change of venue, an-

swered and went to trial on the merits. This is expressly conceded by appellant's counsel, for he says in his brief: "We are therefore fairly confronted with the question whether, after special appearance, objection overruled, and exception, a voluntary appearance is a waiver of jurisdictional questions." The legislature, by the above change in the statute, has expressly made certain acts of a defendant a voluntary appearance, which were held not such an appearance in the Miner Case. The decision in that case was expressly based upon the fact that a voluntary appearance had not been made by defendant.

Appellant's fourth assignment is likewise without merit. It is predicated upon the contention that judgment was not entered by the justice immediately upon the return of the verdict of the jury. A complete answer to such contention is the fact that the record certified to the district court does not disclose the alleged failure of the justice in this respect. On the contrary, as above shown, the record shows that judgment was rendered upon the return of the verdict.

Assignments 5, 6, 7, and 8 are predicated upon rulings of the district court in denying defendant's motion for an order compelling the justice to change his docket record, and to certify up to the distirct court such amended record; and also the ruling of the district court in refusing to permit defendant to show by parol testimony facts inconsistent with those recited in the justice's transcript certified upon the appeal. Such rulings were clearly correct. The record certified to by the justice is not subject to collateral attack in this manner.

The remaining two assignments relate to the refusal of the district court to stay proceedings on the appeal until certain mandamus proceedings are disposed of, and also to the form of judgment entered in the district court. We are unable to discover any error in the rulings complained of. The judgment as entered was in strict conformity with correct practice, and we are at a loss to discover how, by mandamus, defendant could hope to compel the justice to make and certify a different record than the one he had already transmitted to the district court.

For an authority directly in point, holding that mandamus will not lie under these facts to compel the justice to change his record, see State ex rel. Mooney v. Edwards, 51 N. J. L. 479, 17 Atl. 973. We quote from the opinion as follows: "The docket of the justice contains the following entries: 'August 17, 1888, the defendants applied

for an appeal, which was granted, and gave bonds, which were filed by me and approved. August 18, 1888, affidavit of defendants filed by me.'

"These entries the relator declares to be erroneous in point of fact, and conceives that this court may, by its writ of mandamus to be directed to the said justice, command him to alter his docket so that it shall conform to what the relator avers is the fact, *viz.*, that the bonds were filed upon August 18th, 1888, the day upon which, according to the docket, the affidavits were filed.

"The respondent, while maintaining the accuracy of the justice's docket, contends, *in limine,* that, even supposing the justice's record to be erroneous, mandamus is not a proper remedy.

"The jurisdiction by the writ of mandamus over inferior judicial tribunals is one so constantly applied that its limitations are notorious and well defined. It is the proper remedy to compel inferior tribunals to exercise their functions, and to render some judgment in cases before them where, from delay or refusal to act, a failure of justice is apprehended. In cases of this nature the province of this writ is neither to direct what judgment shall be rendered by the tribunal to which it is addressed, nor to compel one in whom discretion is vested to act in any specified manner. Its function is to insure action where inaction prevails; to speed a cause which has fallen into judicial stagnation.

"The contention of the relator, however, is that the act here sought to be affected, *viz.,* the entry in the justice's docket of the date of the filing of the appeal bonds, was a simple ministerial act which the justice performed as clerk of the court for the trial of small causes rather than as its judge.

"The distinction thus made is a valid one, and lies at the foundation of the system of rules which regulate the use of this extraordinary writ. Stated in a general way, the distinction is that the writ of mandamus will issue to compel the performance, in a specified manner, of ministerial duties so plain in point of law, and so clear in matter of fact, that no element of discretion is left as to the precise mode of their performance; but that as to all acts or duties depending upon a jurisdiction to decide questions of law or to ascertain matters of fact, on the part of the officer or body at whose hands their performance is required, mandamus will not lie. As a corollary to this latter clause, it

may be added that, as the writ will not issue to dictate in advance how the discretion shall be exercised, or the matter of fact decided, neither will it be allowed to disturb or override such determinations if already reached."

Finding no error in the record, the judgment and order appealed from are affirmed.

All concur, except Morgan, Ch. J., not participating.