VICENTE BALBÁS PEÑA ET AL., Plaintiffs and Appellants, *v.* LUCE & Co., *S. en C.,* Defendant and Appellee.

No. 6315. Argued May 11, 1933.—Decided July 11, 1933.

298

*José A. Poventud, Alberto S. Poventud,* and *M. León Parra* for appellants. *Jaime Sifre, Jr.,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

In this case it is sought to recover a certain real property located in the district of Guayama. The action was brought in the District Court of Ponce. The defendant filed a petition to remove the cause to the Federal Court. The plaintiffs objected and the removal was denied. After a transcript of the record had been filed by the defendant in the Federal Court, the plaintiffs-appellants moved for a remand of the case to the local court, and the Federal Court entered an order accordingly. The defendant then made a special appearance in the District Court of Ponce for the purpose of quashing the summons. Before this motion was decided the defendant moved for a transfer of the case to the District Court of Guayama. The plaintiffs objected, and the District Court of Ponce made an order granting the change of venue sought. The present appeal has been taken from that order.

The appellants maintain that the District Court of Ponce erred in failing to hold that the first appearance of the defendant-appellee for the purpose of requesting a removal of the cause to the United States District Court for the District

of Puerto Rico was a general appearance and produced a submission, precluding a transfer of the case to the District Court of Guayama.

The appellants say that the defendant in applying for said removal to the Federal Court appeared generally and submitted itself to the jurisdiction of the District Court of Ponce, so that it could not thereafter move for a transfer of the case to another local court. Before determining the character of that appearance and the effect thereof, it is advisable to establish the effect produced in an insular court by an appearance made for the purpose of moving for a change of venue to another insular court. This court has held that the appearance of a defendant who moves for a change of venue to another district has the character of a voluntary appearance, and therefore any defect in the summons is cured by said appearance. *Hernaiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99. It is a well-established rule that a general voluntary appearance is a waiver of the right of the party to be summoned and, of course, of any defect or irregularity existing in the summons. This is the true significance of the general appearance. Section 98 of our Code of Civil Procedure says that the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him.

The doctrine upheld by this court that the filing of a motion for a change of venue constitutes a general appearance, is supported by numerous decisions. *Jones* v. *Jones,* 59 Ore. 308, 117 Pac. 414; *Hanson* v. *Hanson,* 86 Kans. 622, 122 Pac. 100; *Tilles* v. *Pulitzer Pub. Co.,* 241 Mo. 609, 145 S. W. 1143; *Heard* v. *Holbrook,* 21 N. D. 348, 131 N. W. 251; *Grant* v. *Grant,* 75 S. E. 734.

According to section 82 of the Code of Civil Procedure, if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time

he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district. Thus a general appearance is necessary in order that a defendant be placed within the provisions of the statute when filing his motion for a change of venue.

This enactment relating to changes of venue in the insular courts is essentially different from the federal statute governing the removal of causes from state courts into federal courts. The insular statute provides that the change of venue must be applied for by appearing generally to answer or demur, the defendant being thus precluded from attacking the summons; the federal statute, on the contrary, authorizes the defendant to raise before the Federal Court, once the case has been removed thereto, any question which he might have presented in the case as if the same had been originally commenced in said court. In the first case, the appearance is general and is equivalent to the summons; in the second, the defendant only appears for the purpose of the removal, and this appearance being of a special character, he retains the right to object to the jurisdiction by reason of defects or irregularities in the summons.

Apart from our view that those provisions of the Code of Civil Procedure refer exclusively to changes of venue in the insular courts, it seems to us that even the decisions cited by the plaintiffs do not completely favor their contention that the defendant, by having moved for a removal of the cause to the Federal Court, is barred from seeking a transfer of the case to another local court. The cases which the plaintiffs have cited, one of them decided by the Supreme Court of Missouri and the other by the Court of Appeals of New York, deviated from the general rule in holding that a motion for removal from a state court to a federal court constitutes a general appearance. The attorneys for the plaintiffs, in their oral argument before this court, laid great emphasis upon the case of *Farmer* v. *National Life Ass'n,* 33

N. E. 1075, decided by the Court of Appeals of New York. In said case, after the summons had been issued and served, a petition was filed for the removal of the cause into the U. S. Circuit Court for the Eastern District of New York, where the action was pending until January 8, 1892, when it was remanded to the state court. Some time afterward the defendant moved to set aside the service of the summons, on the ground that it had not been personally served on the Superintendent of Insurance, and upon the further ground that his admission of service was fatally defective, because it did not comply with the requirements prescribed by the Code of Civil Procedure. The New York Court of Appeals held that the defendant could not attack the summons after it had applied for the removal of the cause into the federal court and the case had been remanded to the state court, since it had submitted to the jurisdiction of the local court. It may be that this ruling does not have the scope attributed to it by the learned counsel for the plaintiffs. The New York court did not hold that the defendant was not in a position to move for a transfer of the case to a local court after it had appeared for the purpose of removing the cause to the federal court. What was really decided was that the defendant had submitted to the jurisdiction of the state court, and hence was precluded from attacking the summons.

The plaintiffs argue, however, that according to section 77 of the Code of Civil Procedure a submission is understood to be made by the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court. In our judgment, this section cannot be applied to removals from an insular court into a federal court. This provision refers to the case where the defendant moves for a transfer to a local district other than the proper one. In such case, if the defendant mistakenly or knowingly seeks to transfer the cause to a district

other than the proper one for the trial thereof, he becomes subject to the jurisdiction of the court where the action was commenced, and loses his right to obtain a transfer of the cause to the proper district.

The defendant says that a petition for removal from a local court to a federal court constitutes a special appearance with respect to either court, and hence a motion of that character can not be considered as equivalent to a step taken by the defendant after he has appeared in the suit, or as an obstacle to a motion for a transfer to another local court once the case has been remanded to the original court by the federal tribunal.

There are numerous decisions which give support to the contention of the defendant that the appearance in this case is special and not general. In *Wabash Western Railway* v. *Brow,* 164 U. S. 271, 41 L. ed. 431, the Supreme Court of the United States has declared that the filing of a petition for removal does not constitute a general appearance, but a special appearance only. From the opinion delivered by the Court in that case we transcribe the following:

"An appearance which waives the objection of jurisdiction over the person is a voluntary appearance, and this may be effected in many ways, and sometimes may result from the act of the defendant even when not in fact intended. But the right of the defendant to a removal is a statutory one, and he is obliged to pursue the course pointed out, and when he confines himself to the enforcement of that right in the manner prescribed, he ought not to be held thereby to have voluntarily waived any other right he possesses. An acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right. (Citing case). The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it; and to decide that the presentation of the petition and bond is a waiver of the objection would be to place a limitation upon the jurisdiction of the Circuit Court, which is wholly inconsistent with the act.

"Moreover the petition does not invoke the aid of the court touching relief only grantable in the exercise of jurisdiction of the person. The statute imposes the duty on the state court, on the filing of the petition and bond, 'to accept such petition and bond and proceed no further in such suit,' and, if the cause be removable, an order of the state court denying the application is ineffectual, for the petitioner may, notwithstanding, file a copy of the record in the Circuit Court and that court must proceed in the cause.

"In this aspect the conclusion is impossible that the party submits to the jurisdiction of the state court by availing himself of a right to which he is entitled under the act of Congress, and which the state court is by that act required to recognize."

In *Goldey* v. *Morning News,* 156 U. S. 518, 39 L. ed. 517, said Supreme Court declared that, although the suit must be actually pending in the state court before it is removed, its removal into the Circuit Court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the Circuit Court of the United States, of any and every defense, duly and timely reserved and pleaded to the action, in the same manner as if it had been originally commenced in said circuit court. That decision was rendered two years after the case of *Farmer* v. *National Life Ass'n, supra,* was decided by the New York Court of Appeals, in which it is said that it can not be tolerated that a defendant shall question the jurisdiction of a state court over his person after he has effected a transfer of the cause to another court by placing upon its records an affirmation, under oath, of the pendency of the action, and obtained the approval of the bond required as a condition of its removal, and after the cause has been remanded to the former court.

In *Goldey* v. *Morning News, supra,* the defendant had stated that he appeared specially for the sole purpose of filing his petition for removal. "This," said the Supreme Court, "was strictly a special appearance for this purpose only, and, whether the attempt to remove should be success-

ful or unsuccessful, could not be treated as submitting the defendant to the jurisdiction of the state court for any other purpose."

Hughes in his work "Federal Practice," says:

"It is well settled that the appearance of a defendant in a case pending in a state court, for the purpose of filing a removal petition and bond, does not constitute a general appearance, so that a removal does not waive defective service in the state court." 4 Hughes 452.

Foster also maintains that the removal of a cause from a state court into a federal court is not a general appearance whether or not the petitioner states that he appears specially for the purpose of the removal only. 1 Foster, "Federal Practice," 609.

Such is the opinion of these two text writers on federal procedure, although it is observed that a number of courts, in holding that a removal does not amount to a waiver of the right to attack the summons, mention the fact that the defendant appeared specially in the state court.

The appearance for the purpose of effecting a removal to a federal court is not governed by the provisions of our Code of Civil Procedure, which seem to us to be inapplicable. According to the affidavit of merits and the averments of the complaint, the property sought to be recovered in the instant case is located in the district of Guayama. Unless the defendant has submitted itself to the jurisdiction of the District Court of Ponce, this case must be tried in the district in which the property is situated, according to section 75 of the Code of Civil Procedure.

It is further urged by the plaintiffs that the court *a quo* erred in not declaring and holding that the defendant became subject to its jurisdiction and competency by reason of the stipulations filed in the Federal Court and the motions for extensions of time filed in the lower court itself. Both parties requested extensions to file briefs on the petition for removal into the Federal Court. The appellants take the

view that such extensions implied a submission. We do not think so. The filing of a brief was a mere incidence of the petition for removal, and the extension of time granted by the court, on motion of the defendant, can not have the scope of a submission. Similarly as to the stipulations filed in the Federal Court by both parties relating to the setting and continuance of the hearing on the question of remand. We are unable to understand how these stipulations made before the Federal Court could be considered as a submission by the party defendant to the jurisdiction of the local court. Far from showing an intention on the part of the defendant to submit itself to the jurisdiction of the District Court of Ponce, these motions and stipulations manifested its purpose to insist on a transfer of the cause. The Federal Court remanded the case. The defendant filed a motion to quash the summons, and the appellants argue that this motion and the extension granted by the local court to discuss the same, at the request of the defendant, also constitute a submission precluding a change of venue. We are of opinion that this appearance for the sole and exclusive purpose of attacking the summons does not bar the defendant from moving for the transfer of the case to the proper district. By filing its motion for a change of venue the defendant practically abandoned its attack on the summons.

The order appealed from must be affirmed.