Vicente Balbás Peña, Francisco y Adolfo Parra Capó, Francisco Sánchez Parra y Francisco e Isabel Parra Toro; Sicila y Amalita Arce Capó, Aide (Haydee) y Juan Mario-Raúl Arce Ortiz; Manuel León Parra y María Rodríguez Vda. de León; América, Dolores, Constanza y Marina Corchado y Parra; José Luis León Parra y Luisa, Carlos y Zulema Valdivieso Rosaly, demandantes y apelantes, *v.* Luce & Co., S. en C., demandada y apelada.

No. 6315.—*Sometido:* Mayo 11, 1933. *Resuelto:* Julio 11, 1933.

*José A. Poventud, Alberto S. Poventud* y *M. León Parra,* abogados
.de los apelantes; *Jaime Sifre Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del
tribunal.

Se trata en este caso de reivindicar cierta propiedad in-
mueble radicada en el distrito de Guayama. La acción se
inició en la Corte de Distrito de Ponce. La demandada com-
pareció solicitando el traslado a la corte federal. Los deman-
dantes se opusieron y el traslado fué denegado. Radicada
en la corte federal una certificación de los autos por la de-
mandada, los demandantes y apelantes presentaron una mo-

ción para devolver el caso a la corte local y así lo ordenó el tribunal federal. La demandada compareció entonces especialmente ante la Corte de Distrito de Ponce para impugnar el emplazamiento. Antes de resolverse esta moción la demandada pidió el traslado del caso a la Corte de Distrito de Guayama. Los demandantes se opusieron y la Corte de Distrito de Ponce ordenó el traslado solicitado, y contra esta orden se interpuso el presente recurso de apelación.

Sostienen los apelantes que la Corte de Distrito de Ponce cometió error al no declarar que fué de carácter general y que produjo sumisión, impidiendo el traslado del caso a la Corte de Distrito de Guayama, la primera comparecencia de la demandada apelada para solicitar el traslado del litigio a la Corte Federal de Puerto Rico.

■■■ Entienden los apelantes que la demandada, al solicitar el traslado a la corte federal, compareció generalmente y se sometió de tal modo a la Corte de Distrito de Ponce que no pudo solicitar, después de esta sumisión, ningún traslado para otra corte local. Antes de resolver el carácter de esta comparecencia y sus efectos legales, es conveniente fijar los efectos que produce una comparecencia en las cortes insulares que tiene por objeto solicitar el traslado a otra corte insular. Esta corte ha declarado que la comparecencia del demandado solicitando el traslado de un distrito a otro tiene el carácter de una comparecencia voluntaria y en tal virtud cualquier defecto que pueda tener el emplazamiento queda subsanado por dicha comparecencia. *Hernaiz Targa & Co.* v. *Vivas,* 20 D.P.R. 113. Es una regla bien establecida que una comparecencia voluntaria y general constituye una renuncia al derecho del compareciente a ser emplazado y desde luego a cualquier defecto o irregularidad que se observe en el emplazamiento. Esta es la verdadera significación de la comparecencia general. El artículo 98 de nuestro Código de Enjuiciamiento Civil dice que la comparecencia voluntaria de un demandado es equivalente a la diligencia de su citación personal y entrega de la copia de la demanda.

La doctrina sostenida por esta corte de que una moción de traslado constituye una comparecencia general está sostenida por abundante jurisprudencia. *Jones* v. *Jones,* 59 Ore. 308; 117 Pac. 414; *Hanson* v. *Hanson,* 86 Kans. 622, 122 Pac. 100; *Tilles* v. *Pulitzer Pub. Co.,* 241 Mo. 60, 145 S. W. 1143; *Heard* v. *Holbrook,* 21 N. D. 348, 131 N. W. 251; *Grant* v. *Grant,* 75 S. E. 734.

De acuerdo con el artículo 82 del Código de Enjuiciamiento Civil, aunque el distrito en que se establece la demanda no sea aquél en el que deba seguirse el juicio, podrá sin embargo continuarse en el primero, a menos que el demandado al comparecer a contestar o a formular excepciones presente una declaración jurada y fundada, y pida por escrito que el juicio se celebre en el distrito correspondiente. De modo que la comparecencia general es necesaria para que el demandado se coloque dentro de los preceptos del estatuto al radicar su solicitud de traslado.

Esta ley relativa a traslados en las cortes insulares difiere esencialmente de la ley federal que regula los traslados de las cortes estaduales a las cortes federales. La ley insular dispone que el traslado se solicite al comparecer generalmente a contestar o formular excepciones, quedando de este modo impedido el demandado de impugnar el emplazamiento; la ley federal, por el contrario, autoriza al demandado para plantear en la corte federal, una vez trasladado el caso, cualquier cuestión que hubiese podido suscitar en el pleito como si originalmente hubiese sido incoado en dicha corte. En el primer caso la comparecencia es general y equivale al emplazamiento; en el segundo, únicamente comparece el demandado para el propósito del traslado y siendo esta comparecencia de carácter especial, conserva el derecho de impugnar los defectos o irregularidades de que pueda adolecer la citación.

Aparte de que nosotros entendemos que estas disposiciones del Código de Enjuiciamiento Civil se refieren exclusivamente a traslados en las cortes insulares, nos parece que

aun la misma jurisprudencia citada por los demandantes no favorece completamente su contención de que la demandada, por el hecho de haber solicitado el traslado a la corte federal, está impedida de presentar idéntica solicitud para otra corte local. Los casos citados por los demandantes, uno de ellos resuelto por la Corte Suprema de Missouri y otro por la Corte de Apelaciones de Nueva York, se apartan de la regla general al sostener que una moción de traslado de una corte estadual a una corte federal constituye una comparecencia general. El abogado de los demandantes, al presentar sus argumentos oralmente ante este tribunal, puso mucho énfasis en el caso de *Farmer* v. *National Life Ins. Co.,* 33 N. E. 1075, resuelto por la Corte de Apelaciones de Nueva York. En este caso, después de expedido y diligenciado el emplazamiento, se solicitó el traslado del caso a la Corte de Circuito del Distrito Este de Nueva York, donde estuvo pendiente hasta el 8 de enero de 1892 en que este tribunal devolvió el caso a la corte estadual. Algún tiempo después el demandado solicitó la nulidad del emplazamiento, basándose en que el superintendente de la compañía demandada no había sido emplazado personalmente y además porque la admisión que éste hizo de haber sido emplazado era fatalmente defectuosa por no haberse cumplido con los requisitos exigidos por el Código de Enjuiciamiento Civil. La Corte de Apelaciones de Nueva York sostuvo que el demandado, después de solicitar el traslado a la corte federal y de ser devuelto el caso a la corte estadual, no podía atacar el emplazamiento por haber admitido la jurisdicción de la corte local. Puede que esta resolución no tenga el alcance que le atribuye el ilustrado abogado de los demandantes. No resuelve la corte de Nueva York que el demandado no estuviere en condiciones de solicitar el traslado a una corte local después de haber comparecido, al presentar su solicitud de traslado. Lo que realmente se resolvió fué que el demandado se sometió a la jurisdicción de la corte estadual, estando impedido por lo tanto de atacar el emplazamiento.

Alegan sin embargo los demandantes que de acuerdo con el artículo 77 del Código de Enjuiciamiento Civil, el demandado queda sometido después de personado en el juicio, cuando realiza cualquier gestión que no sea la de pedir que el juicio se celebre en la corte correspondiente. Este artículo, a nuestro juicio, no puede aplicarse a traslados de una corte insular a una corte federal. Esta disposición se refiere a aquellos casos en que el demandado solicita el traslado para un distrito local que no sea el distrito correspondiente. En este caso, si el demandado se equivoca o pretende a sabiendas trasladar el caso a un distrito que no sea aquél en que deba seguirse el juicio, queda sometido a la corte donde se inició el pleito, perdiendo su derecho a obtener el traslado al distrito correspondiente.

La demandada alega que una petición pidiendo el traslado de una corte local a una corte federal es una comparecencia especial, tanto en lo que respecta a una corte como a otra, y que siendo ello así no puede considerarse que una moción de esa naturaleza equivalga a una gestión hecha por el demandado después de personado en juicio y pueda ser obstáculo para una moción de traslado a otra corte local una vez devuelto el caso al tribunal de origen por la corte federal.

Son numerosas las decisiones que sostienen la contención de la demandada de que la comparecencia en este caso es especial y no general. La Corte Suprema de los Estados Unidos, en el caso de *Wabash Western R. R. Co.* v. *Brown,* 164 U. S. 271, 41 L. Ed. 431, dice que la radicación de una petición de traslado no constituye una comparecencia general, sino una comparecencia especial únicamente. De la opinión emitida por la corte en este caso copiamos lo siguiente:

"Una comparecencia que implica una renuncia al derecho de objetar la jurisdicción de la corte sobre la persona es una comparecencia voluntaria, que puede efectuarse de diversos modos, y resultar algunas veces del acto del demandado, aun cuando no tuvo la intención en realidad de comparecer. Pero el derecho del demandado a un traslado (*removal*) es estatutario y es su deber ajustarse

al curso prescrito, y cuando él se limita a hacer uso del derecho en la forma prescrita, no debe considerarse que ha renunciado voluntariamente cualquier derecho que posea. Un derecho reconocido no puede ser destruído por el hecho de que se utilicen los medios que la ley ofrece para reclamar ese derecho. El estatuto no requiere que la parte que solicita el traslado suscite la cuestión de jurisdicción sobre su persona en la corte estadual antes del traslado, o que reserve tal cuestión con respecto a la corte que va a perder cualquier poder que tenga para tratarla; y decidir que la presentación de la petición y la fianza constituye una renuncia de la objeción equivaldría a imponer una limitación sobre la jurisdicción en la Corte de Circuito, lo cual es completamente incompatible con la ley.

"Además, la petición no invoca la ayuda de la corte con respecto a un remedio que únicamente puede concederse en el ejercicio de la jurisdicción sobre la persona. El estatuto impone el deber a la corte del estado, al radicarse la petición y la fianza, de aceptar tal petición y fianza sin dar ningún otro paso en la acción, y si la causa es trasladable, una orden de la corte estadual negando la petición no tiene efecto, porque el peticionario puede radicar una copia del récord en la Corte de Circuito, la cual debe proseguir en el caso.

"En este aspecto es imposible la conclusión de que la parte se somete a la jurisdicción de la corte del estado, por valerse de un derecho que le reconoce la ley del Congreso y que la corte estadual está obligada por dicha ley a reconocer."

En el caso de *Goldey* v. *Morning News,* 156 U. S. 518, 39 L. Ed. 517, la Corte Suprema de los Estados Unidos dice que aunque la demanda esté realmente pendiente en la corte del estado antes de ser trasladada, su remoción a la Corte de Circuito de los Estados Unidos no admite que estuviera legalmente pendiente en la corte estadual, o que el demandado pudiera haber sido compelido a contestar en dicha corte; pero autoriza al demandado a valerse en la Corte de Circuito de los Estados Unidos de todas y cada una de las defensas debida y oportunamente reservadas y alegadas en la acción, en la misma forma como si dicha acción hubiese sido originalmente comenzada en dicha Corte de Circuito. Esta opinión fué emitida dos años después de resuelto el caso de *Farmer* v. *National Life Ins. Co.,* supra, por la Corte de Apelaciones de Nueva York, donde se dice que no debe tolerarse que un

demandado discuta la jurisdicción de un tribunal estadual sobre su persona después que ha efectuado el traslado de la causa a otra corte mediante una declaración jurada de la pendencia de la acción, de su remoción a la misma corte y de haber obtenido la aprobación de la fianza requerida como una condición para el traslado.

En el citado caso de *Goldey* v. *Morning News* el demandado hizo constar que comparecía especialmente con el solo propósito de presentar su petición de traslado. "Ésta," dice la Corte Suprema, "fué una comparecencia especial para este propósito solamente, y aunque la gestión para obtener el traslado fracase o sea coronada por el éxito, no puede considerarse como una sumisión del demandado a la jurisdicción de la corte estadual para cualquier otro propósito."

Hughes, en su obra "Federal Practice", dice:

"Es cuestión firmemente decidida que la comparecencia de un demandado en un caso pendiente ante una corte estadual con el propósito de radicar una petición de traslado con su fianza no constituye una comparecencia general y por consiguiente al solicitar el traslado el demandado no renuncia al derecho de impugnar un emplazamiento defectuoso." 4 Hughes, 452.

También Foster sostiene que el traslado de una causa de una corte estadual a una corte federal no es una comparecencia general, sin que cambie el aspecto de la misma el hecho de que se haga constar o no por el demandado que comparece especialmente para el propósito del traslado solamente. 1 Foster, "Federal Practice", 609.

Esta es la opinión de estos dos tratadistas en procedimientos federales, aunque se observa que un número de tribunales, al sostener que el traslado no implica una renuncia al derecho de impugnar el emplazamiento, menciona el hecho de que el demandado compareció especialmente en la corte estadual.

La comparecencia para solicitar el traslado a la corte federal no está regulada por los preceptos de nuestro Código

de Enjuiciamiento Civil, que nos parecen inaplicables. En este caso, según el *affidavit* de mérito y las alegaciones de la demanda, la propiedad que se trata de reivindicar radica en el distrito de Guayama. A no ser que la demandada se haya sometido al Distrito de Ponce, este caso debe juzgarse en la Corte de Distrito donde radica la propiedad, de acuerdo con el artículo 75 del Código de Enjuiciamiento Civil.

■■■ Se alega además por los demandantes que el tribunal *a quo* erró al no declarar y sostener que la demandada quedó sometida a su jurisdicción y competencia mediante las estipulaciones radicadas en la Corte Federal y por sus mociones de prórroga presentadas ante la propia corte inferior. Ambas partes solicitaron prórroga para radicar alegatos en cuanto a la primera solicitud de traslado para la corte federal. Los apelantes entienden que esta prórroga implica una sumisión. No lo entendemos así nosotros. La presentación de este alegato fué una mera incidencia de la moción de traslado y la prórroga concedida por la corte para radicarlo, a solicitud de la demandada, no puede tener el alcance de una sumisión. Tampoco lo tienen las estipulaciones de ambas partes presentadas en la corte federal relativas a señalamiento y posposición de la vista sobre devolución del caso. No comprendemos cómo estas estipulaciones ante la corte federal puedan considerarse como un sometimiento de la parte demandada a la corte local. Estas mociones y estipulaciones, lejos de indicar la intención de la demandada de someterse a la Corte de Distrito de Ponce, indicaban su propósito de insistir en el traslado. La corte Federal devolvió el caso. La demandada presentó una moción para anular el emplazamiento y los apelantes arguyen que esta moción y la prórroga que se concedió por la corte local para discutirla, a petición de la demandada, constituyen también una sumisión que impide el traslado a otra corte local. Opinamos que esta comparecencia con el único y exclusivo propósito de impugnar el emplazamiento no impide que la demandada pueda solicitar el traslado del caso al distrito correspondiente.

Al presentar esta moción de traslado, la demandada prácticamente desistió de su impugnación a la citación.

*Debe confirmarse la resolución apelada.*