VICENTE BALBÁS PEÑA, FRANCISCO y ADOLFO PARRA CAPÓ, ET AL., demandantes y apelados, *v.* LUCE & COMPANY, S. EN C., demandada y apelante.

No. 6648.—*Sometido:* Noviembre 8, 1934. *Resuelto:* Enero 18, 1935.

*Ángel Sifre, Jr.* y *A. Ortiz Toro,* abogados de la apelante; *José A. Poventud, Alberto S. Poventud* y *M. León Parra,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandantes iniciaron este recurso en la Corte de Distrito de Ponce. Alegaban en su demanda dos causas de acción, una sobre reivindicación de ciertos inmuebles ubicados en el municipio de Santa Isabel y otra sobre liquidación y reclamación de frutos y productos. Para aquella época Santa Isabel formaba parte del distrito judicial de Guayama. La demandada excepcionó la demanda y solicitó el traslado, que le fué concedido. Más tarde, a virtud de una ley de la Asamblea Legislativa (Leyes de 1933, pág. 315), Santa Isabel fué segregado del distrito judicial municipal de Salinas y anexado al distrito judicial municipal de Juana Díaz. Así pues, vino a formar parte del distrito judicial de Ponce. Véase *Santos* v. *Sepúlveda, Juez de Distrito,* 45 D.P.R. 658. Los demandantes entonces solicitaron de la Corte de Distrito de Guayamá que devolviera el caso a Ponce y obtuvieron una orden a ese efecto.

██ La apelante sostiene que la Corte de Distrito de Guayama cometió error al resolver que el caso cae dentro del artículo 75 del Código de Enjuiciamiento Civil, al resolver que la corte competente para conocer del mismo era la del distrito judicial de Ponce, y al ordenar el traslado del pleito para dicho distrito. El artículo 75 del Código de Enjuiciamiento Civil provee:

"Deberán substanciarse en el distrito en que radique el objeto de la acción. o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este Código, los pleitos que se sigan por las causas siguientes:

"1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados à propiedad inmueble.

"2. Para la partición de propiedad inmueble.

"3. Para la ejecución de una hipoteca sobre propiedad inmueble. Si la propiedad estuviese radicada parte en un distrito, y parte en otro, el demandante podrá elegir cualquiera de los dos, y el distrito así elegido será el propio para la vista de dicho asunto."

El artículo 104 expresamente autoriza la acumulación de una acción para recobrar rentas y utilidades y una acción para recobrar determinada propiedad inmueble. De ordinario cuando un demandante acumula dos acciones, una local y la otra transitoria, en una sola demanda, la acción en su totalidad, si surge la cuestión de competencia, será considerada como transitoria. Esto es especialmente cierto cuando la causa de acción transitoria es la predominante. Podría ser cierto aun en aquellos casos en que el objeto primordial de la causa de acción es la reclamación de bienes inmuebles. No importa como esto sea, a nuestro juicio debe reconocerse una excepción a la regla general cuando, según ocurre en el presente caso, la causa de acción local no sólo es predominante sino fundamentalmente esencial a la causa de acción transitoria. En este caso no puede haber indicio alguno de una acción de recobrar frutos y productos, a menos que se establezca primeramente el derecho a recobrar la propiedad misma. La segunda causa de acción es un mero corolario incidental y accesorio a la primera y que de ella depende para su propia existencia. Véase *Hernández* v. *Bernardini,* 25 D.P.R. 461. El caso de Hernández no fué revocado, según dice la apelante, sino claramente distinguido en el de *Capó* v. *Hartman,* 41 D.P.R. 854. Véase también el caso de *State* v. *Royal Consolidated Mining Co.,* 187 Cal. 343; 67 C. J. 52, sección 65, y casos citados. La corte de distrito no cometió error al resolver que el presente caso se rige por el artículo 75 del Código de Enjuiciamiento Civil, y esto decide los otros puntos suscitados en el primer señalamiento de error en tanto en cuanto han sido discutidos por la apelante en su argumentación al mismo.

■ Otra contención de la apelante es que habiéndose trasladado el caso a la Corte de Distrito de Guayama en una

época en que Santa Isabel formaba parte del distrito judicial de Guayama la actuación posterior de la Legislatura al agregar a Santa Isabel al distrito judicial de Ponce no despojó a la corte de Guayama de su jurisdicción ni la justificó para devolver el caso a Ponce. La apelante se funda en los siguientes casos: *Security Loan Co.* v. *Kauffman,* 108 Cal. 214; *McNew* v. *Williams,* 36 S. W. 687; *Cornell University* v. *The Wisconsin Central Railroad Co.,* 5 N. W. 329; *Milk* v. *Kent,* 60 Ind. 226; *Blake* v. *Freeman,* 13 Me. (1 Shep.) 130; y *Bent* v. *Maxwell Land Grant & Ry. Co.,* 3 N. M. (Johns.) 158, 3 Pac. 721. Puede libremente admitirse que la ley de la Legislatura no privó a la corte de Guayama de su jurisdicción y que si no se hubiese presentado una moción de traslado el caso tal vez hubiera sido visto en Guayama. Aun si nos confrontáramos con una cuestión de jurisdicción, ella no sería complicada por ninguna disposición constitucional. Empero, estamos tratando con una cuestión de competencia y no con una de jurisdicción. Si bien pueden haber algunas autoridades respetables, especialmente entre los casos más antiguos, tendentes a sostener un criterio opuesto, estamos convencidos de que al anexarse el municipio de Santa Isabel al distrito judicial de Ponce ese distrito, a virtud de la disposición expresa del artículo 75 del Código de Enjuiciamiento Civil, se convirtió en el distrito apropiado para el juicio. Véase 67 C. J. 150, sección 243, y casos citados. Por tanto la Corte de Distrito de Guayama no cometió error al declarar con lugar la moción de traslado a menos que la conclusión a que acabamos de llegar respecto al lugar del juicio esté equivocada al tomarse en consideración otras cuestiones distintas al mero hecho de la anexión. El artículo 3 de la ley que separó el municipio de Santa Isabel del distrito judicial municipal de Juana Díaz otorgó a la Corte de Distrito de Ponce facultad para oír y determinar las apelaciones de la Corte Municipal de Juana Díaz en casos "procedentes de Santa Isabel". También dispuso que "los casos

pendientes de vista en apelación a la fecha de la vigencia de esta ley serán trasladados a la Corte de Distrito de Ponce.'' La apelante da énfasis al hecho de que la Legislatura con esta sección dispuso el traslado de los casos que se hallaban· pendientes ante la Corte de Distrito de Guayama en apelación de la Corte Municipal de Salinas ''procedentes de Santa Isabel,'' pero que no hizo una disposición similar en relación con los casos de jurisdicción original que también se hallaban pendientes en la Corte de Distrito de Guayama. Esta argumentación pasa por alto la distinción ya indicada existente entre jurisdicción y competencia. La Corte de Distrito de Guayama, desde luego, había adquirido jurisdicción sobre todos los casos pendientes. Si existe alguna disposición estatutaria que ordene el traslado en casos pendientes de apelación de una corte municipal, no se ha llamado nuestra atención a ella. La mera separación del municipio de Santa Isabel del distrito judicial de Guayama y la inclusión del mismo en el distrito judicial de Ponce no hubiese privado a la Corte de Distrito de Guayama de su jurisdicción sobre los casos de Santa Isabel que se hallaran pendientes en apelación de la Corte Municipal de Salinas. Por alguna razón la Legislatura resolvió que tales apelaciones debían ser oídas y resueltas por la Corte de Distrito de Ponce y así lo dispuso. En cuanto a los casos ya cubiertos por el artículo 75 del Código de Enjuiciamiento Civil no hubo necesidad de incluir una disposición similar en la ley de 1933. Si la Legislatura pensó en esto o si fué indiferente hacia la cuestión de competencia en los casos de jurisdicción original que se hallaban pendientes o si pasó por alto ese punto enteramente, es cuestión que carece de importancia. Sea ello como fuere, no hallamos prueba de ninguna intención al efecto de que los casos que cayeran dentro de las disposiciones del artículo 75 del Código de Enjuiciamiento Civil no deben regirse por dicha sección.

Una contención algo más plausible es que el traslado concedido por la Corte de Distrito de Guayama no estaba auto-

rizado por el artículo 82 ni por el inciso primero del artículo 83 del Código de Enjuiciamiento Civil. Debe admitirse que el presente caso no cae dentro de la letra de ninguna de estas disposiciones estatutarias, mas a nuestro juicio está dentro del espíritu de ambas si se interpretan en armonía con el artículo 75 y se rigen por los principios federales en que ambas se basan al ser así interpretadas. En el presente caso la apelante se funda en la siguiente jurisprudencia: *Buell* v. *Dodge,* 57 Cal. 645; *Remington S. M.* v. *Cole,* 62 Cal. 311; *Dodson* v. *Bunton,* '(Tex.) 17 S. W. 507; y 1 Sutherland Code Pleading, Practice and Forms, 592, sección 990. Estas autoridades no sientan base satisfactoria para la revocación de la orden que ahora pende ante nos. La única alteración en el estado del caso desde el momento en que la demandada presentó la moción de traslado fué que el mismo había sido trasladado a la Corte de Distrito de Guayama y que la razón de tal traslado había desaparecido mediante acción legislativa. Si el municipio de Santa Isabel hubiese formado parte del distrito judicial de Ponce en la época en que se presentó la moción de la demandada, tal moción no hubiera sido concedida. El municipio de Santa Isabel formaba parte del distrito judicial de Ponce en la época en que los demandantes presentaron su moción en la Corte de Distrito de Guayama, siendo Ponce en su consecuencia, el sitio donde debía celebrarse el juicio. Los demandantes, en primera oportunidad, solicitaron que se trasladara nuevamente el caso y no habían renunciado su derecho a presentar esta moción. Por el contrario habían instituído su acción en la Corte de Distrito de Ponce y se habían opuesto tenazmente a la moción de traslado presentada por la demandada. Véase *Balbás Peña* v. *Luce & Co.,* 45 D.P.R. 307. La iniciación de la causa en el distrito de Ponce, con pleno conocimiento de la posibilidad de que la demandada podía solicitar el traslado, no equivalió, conforme sostiene ahora la apelante, a una sumisión voluntaria a la jurisdicción de la Corte de Distrito de Guayama. En ausencia de tal sumisión o renuncia la Corte de Distrito de Gua-

yama no cometió error al considerar el caso en el estado en que se hallaba al tiempo de presentarse la moción de los demandantes, ni al declarar la misma con lugar.

*Debe confirmarse la resolución apelada.*