Vaughn v. Hixon.

T. A. VAUGHN V. JOHN W. HIXON, *as Sheriff of Seward county, et al.*

50  773
61  769
50  773
63  827

1. VENUE, *Change of.* The granting of a change of venue in a civil action is to a great extent within the discretion of the trial court.

2. PLACE OF TRIAL, *Complaint Concerning.* Where a trial court grants a change of venue on the written application of one of the parties in a civil action, upon the ground that a fair and impartial trial cannot be had in the county where the action is pending, and subsequently the parties agree in open court for the trial of the action to take place in another county, and the trial takes place according to the agreement, no complaint can be had by either party concerning the place of the trial.

3. ESTOPPEL — *Good Faith.* Where there is an attempt to apply the doctrine of estoppel, one essential in such a case is that the party in whose favor it is invoked must himself act in good faith.

*Error from Meade District Court.*

REPLEVIN by *Vaughn* against *Hixon*, as sheriff, and others. At the September term, 1889, defendants had judgment, and plaintiff brings error. The opinion states the facts.

*W. W. Noffsinger*, and *R. C. Palmer*, for plaintiff in error.

*Rossington, Smith & Dallas*, and *Clifford Histed*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin, brought by T. A. Vaughn, claiming to be the owner of certain goods, wares, and merchandise, of the alleged value of $1,000, located in Fargo Springs, in this state. The property had previously been attached in an action instituted by Smith, Heddens & Co., against Mills Bros.; and, while the property was in the possession of the sheriff, the goods were replevied. The action was originally brought in Seward county, but was afterward taken on change of venue to Haskell county, and subsequently, by agreement of parties, was transferred to

Meade county, where, on the 17th day of September, 1889, the case was tried by the court, a jury being waived, and judgment rendered for the defendants. Plaintiff below excepted to the rulings and judgment of the trial court and brings the case here.

It is contended that there were no sufficient reasons presented to the district court of Seward county to grant a change of venue. The change having been granted, this court will not interfere. The granting of a change of venue in a civil action is to a great extent within the discretion of the trial court; and where it does not appear that such discretion was abused, or that any substantial right of the objecting party was materially affected by the change, this court will not reverse an order of the district court granting the change, although it may not appear that the district court was clearly bound to do so. (Civil Code, § 56; *Waterman v. Kirkwood*, 17 Kas. 9.) Further, the record shows that after the venue was changed to Haskell county the parties agreed in open court for the trial of the action to take place in Meade county. The trial took place, by consent, in that county.

It is next contended that the district court erred in overruling the motion for a new trial, because of a want or failure of evidence to sustain the judgment. The trial court made a general finding that the plaintiff was not the owner of the goods, wares and merchandise in controversy at the commencement of the action, and that he was not entitled to the possession thereof; that his pretended purchase of the stock of goods was without valuable consideration, and that the pretended sale to him by Mills Bros. was fraudulent. The court made the further finding that the defendants were in the lawful possession of the stock of goods at the commencement of the action, under the attachment proceedings commenced in the district court of Seward county, and that the value of the stock of goods at the commencement of the action was $1,000. The important question of fact for the trial court in this case was, whether the sale by Mills Bros. to Vaughn was a *bona fide* transaction, made in good faith,

or made only for the fraudulent purpose of defeating credit-
ors in the collection of their debts.   Upon that question,
after hearing the testimony, the court found for the defend-
ants, and against the plaintiff.   The evidence was conflicting,
but the court saw the witnesses, heard what they had to say,
and we think that there is sufficient in the record, under the
general rule, to prevent this court from interfering.   (*Railway
Co. v. Kunkel*, 17 Kas. 145.)   In cases brought here on error
from a trial upon oral testimony, this court is not a trier of
questions of fact.   Counsel admit this, but claim there was
no evidence whatever to sustain the verdict.   We cannot
agree with this conclusion.

It is further contended, as Vaughn accepted an order from
Mills Bros. to Smith, Heddens & Co. to pay their debt, or a
part thereof, from the proceeds of the sale, defendants were
estopped from questioning the validity of the sale by Mills
Bros. to Vaughn, even though it were originally fraudulent.
This, perhaps, would be true, if Smith, Heddens & Co. ac-
cepted the order with full knowledge of all the facts subse-
quently claimed by Vaughn and Mills Bros.   At the time
the order was obtained, Smith, Heddens & Co. believed, from
the statement of the parties, that the stock would invoice
from $900 to $1,000, and that $225 only had been paid.
When the delayed inventory was finally produced, it only
showed $473 worth of goods on hand.   Therefore, under the
circumstances, we do not think Smith, Heddens & Co. were
estopped.   If Smith, Heddens & Co. were induced by the
fraud of the parties to take the order accepted by Vaughn,
they ought not to be bound thereby.   By commencing their
attachment proceedings, they have repudiated that order, and
cannot recover thereon.   In order to apply the doctrine of
estoppel, the party in whose favor it is invoked must himself
act in good faith.   The case was tried before the district judge
without the intervention of a jury, and we do not find any
exceptions taken to the admission of the evidence complained
of.   A motion was made to strike out some of the evidence
after it had been received.   The court allowed the motion in

part, and refused it as to other matters.   If any error occurred in this, we do not think it sufficiently material to reverse the judgment.

Finally, it is contended that there was error in assessing damages.   The court rendered judgment for $1,170.50.   On the 9th of March, 1887, Mills Bros. were indebted to Smith, Heddens & Co. for $1,137.27.   The attachment proceedings were for the recovery of that amount.   The value of the goods replevied was $1,000, and the court found that the return of the goods could not be had, because the plaintiff had sold and disposed of the same.   The replevin proceedings were commenced on the 3d of November, 1887.   Five per cent. interest was allowed from the 1st of December, 1887, amounting to $107.50.   The court committed no error in the amount of the recovery, if the judgment was otherwise correct.

We have examined all of the other alleged errors, but perceive nothing sufficient therein to require a reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.