LISA HANSON *et al., Appellees*, v. JOHN F. HANSON *et al.* (JOHN F. HANSON, *Appellant*).

No. 17,303.

### SYLLABUS BY THE COURT.

1. SUMMONS—*General Appearance—Jurisdiction.* Any appearance in an action other than to challenge the jurisdiction of the court is a general appearance for all purposes of the action. (*Abercrombie v. Abercrombie*, 64 Kan. 29, 67 Pac. 539.)

2. ——— *Same.* A general appearance in an action waives all defects in the issuance and service of the summons and confers jurisdiction upon the court for all the purposes of the action without the issuance or service of a summons.

3. CHANGE OF VENUE—*Judicial Discretion.* The allowance or refusal of an application for a change of venue rests largely in the discretion of the court.

4. EJECTMENT—*Petition—Amendment—New Cause of Action—Partition.* An amendment to a petition in ejectment may be properly allowed to unite a cause of action for partition.

Appeal from McPherson district court. Opinion filed March 9, 1912. Affirmed.

*John F. Hanson*, for the appellant.

*G. F. Grattan, J. M. Grattan*, and *P. J. Galle*, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellees commenced this action in ejectment to recover the land in controversy from the appellant. The summons in the action was entitled, *"Lisa Hanson et al. v. John F. Hanson."* The appellant filed a motion to quash the summons because all of the plaintiffs were not named therein. The motion was overruled, and error is assigned on the ruling. It is unnecessary to determine the question involved, for the reason that the appellant appeared in court repeatedly for other purposes than to contest the jurisdiction of the court. He filed a demurrer to the peti-

tion of three counts, on the ground that neither of the first two counts stated facts sufficient to constitute a cause of action, and recited that he expressly ignored the third count. A demurrer on this ground is not an objection to the jurisdiction of the court, but constitutes a general appearance in the case. He afterward asked and obtained leave to answer, and filed various motions not running to the jurisdiction. In *Abercrombie v. Abercrombie,* 64 Kan. 29, 67 Pac. 539, it was said:

"An appearance in an action for any purpose other than to challenge the jurisdiction of the court is a general appearance for all purposes of the action." (Syl. ¶ 1.)

The summons did not contain the names of all plaintiffs, but did contain the name of the principal plaintiff, followed by *"et al."* The appellant was personally served with the summons, which so far was sufficient to give personal jurisdiction over him. He could, and evidently did, ascertain who the unnamed plaintiffs were, as he demurred to the petition. He made his appearance personally, not by attorney. Therefore, if the court erred in overruling the motion to quash the summons, the error was not prejudicial. Among other general appearances, the appellant filed a motion for a change of venue, alleging that the people of the county were biased and prejudiced against him; also, that the judge of the district court was biased and prejudiced against him, and that he could not have a fair trial in the county. As to a part of the issues, probably the appellant was entitled to a jury trial; and, as to the other cause of action, questions of fact might properly have been submitted to the jury as advisory to the court. However, no jury was demanded, and the parties proceeded to trial to the court without objection. We think thereby the services of a jury were waived. (*Cunningham v. City of Iola,* ante, p. 86, 119 Pac. 317.)

As to the bias and prejudice of the judge, the court was not bound to consider only the statements in the affidavits of the appellant, but could also take into consideration his own consciousness of the facts, and, knowing his own mind and feelings, he could overrule the application on the ground that the facts stated were not true. The allowance or refusal of an application for a change of venue is a matter resting largely in the sound discretion of the court, and error will not be predicated thereon unless there is good ground for believing that the appellant has been prejudiced by the refusal to grant the request. There was very little controversy about the facts in this case and little room for prejudice to play any part, the rights of the parties resting almost entirely upon their undisputed relationship to a deceased ancestor.

The appellant also urges that one or more orders were made or proceedings had without notice to him and when he was absent from the court room. He practically admits that he had been in the court room, and, having claimed that he had made no appearance as to the third cause of action, he walked out of the room, evidently for the purpose of claiming that the court had no jurisdiction to proceed with the matter of partition. Holding, as we do, that he made a general appearance in the case, it was his duty to remain in the court room during the pendency of proceedings therein, unless excused by the court. The appellant was acting as his own attorney, and had not only a right to be in court, but it was his duty to remain there or have some one represent him during the proceedings in the action.

The petition in the action originally consisted of two counts. The first count stated the facts upon which the appellees claimed ejectment. The second count set forth itemized claims against the appellant for rents and profits. On motion of the appellees, they were allowed to amend the petition, and did so by

adding a third count, alleging a cause of action in partition. As early as *Scarborough v. Smith*, 18 Kan. 399, and ever since, it has been held by this court that these causes of action may be joined. The appellees and the appellant were tenants in common, and each was entitled to whatever rights he had in the real estate in controversy by inheritance from a common ancestor. And this appeared by the first count of the petition. Under the authority of *Denton v. Fyfe*, 65 Kan. 1, 2, 68 Pac. 1074, none of these parties could maintain an action in partition without uniting in an action in ejectment, where, as in this case, it was alleged that one was in possession and excluding all others therefrom. In this situation the court very properly allowed the amendment to the petition, to the end that all controversies between the parties relating to the subject matter of the action should be settled in one action.

The appellant assigns thirty-three grounds of error. We have not considered it necessary to comment on each separately; but in one of the numerous assignments it is strenuously urged that certain journal entries in the proceedings are not accurate, and we are asked to consider certain affidavits as to what really transpired. As has been frequently decided in this court, we can not, upon evidence in this court, correct the records or judgments of the district courts. Such application should be made to the court that makes the record. The record is conclusive here.

We find no substantial error in the proceedings, and the judgment is affirmed.