No. 19,015.

## S. H. MILLIKAN, *Appellee,* V. THE HOLTERS SHOE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

CONTRACT—*Salesman—Breach of Contract—Measure of Damages.* The plaintiff was employed as a traveling salesman for a year at a salary of $125 per month payable monthly. He commenced work on September 1, 1912, and was wrongfully discharged in November. In December he sued for his salary to September 1, 1913. In January, 1913, he accepted employment, which, however, paid nothing beyond expenses. In March he opened a store of his own. When discharged the plaintiff had been paid his salary for September, 1912, and had received a small amount of merchandise which was charged to his account. The case was tried in June, 1913. *Held,* a verdict for damages for breach of the contract, equal to the amount of the plaintiff's salary until he engaged in business for himself, less the credits mentioned, with interest to the time of the trial, will not be disturbed.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed May 8, 1915. Affirmed.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellant.

*S. C. Holmes,* of Yates Center, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for the breach of an oral contract whereby the defendant employed the plaintiff as a traveling salesman. The plaintiff recovered, and the defendant appeals.

The plaintiff claimed he was employed for a year at an annual salary of $125 per month, payable monthly. The plaintiff was also to be supplied with expense money. The plaintiff commenced work under the contract on September 1, 1912, and continued until November 5, when he was discharged. When discharged the plaintiff had received his expenses, had been paid

one month's salary, and had purchased goods of the defendant on account to the amount of $16.40. On December 14, 1912, the plaintiff sued the defendant for the sum of $1375, with interest from the date of his discharge. The petition stated the contract, and continued as follows:

"That acting upon said contract, said plaintiff quit his other employment, that of a shoe salesman, and entered into the employment of said defendants and began work for them and under their directions, as provided by said contract, about September 1, 1912, and continued to work for said defendant as a shoe salesman, and under their instructions until about November 5, 1912, when said defendant, without authority and in violation of the terms and conditions of said contract ordered said plaintiff to discontinue work for said defendant.

"That said plaintiff at all times and in all respects complied with the terms and conditions of said contract on his part, and that said cancellation of said contract by said defendant was in violation of the terms and conditions of said contract.

"That said plaintiff was unable at said time to obtain any other employment as shoe salesman, nor will he be able to obtain such employment within the time covered by said contract for the reason contracts with shoe salesmen as a general thing, are made by the year and it is well understood that contracts of that character are by the year and for at least a year.

"That said defendant has paid said plaintiff upon said salary $125.00 and no more, leaving due and owing said plaintiff from said defendant on said salary $1375.00.

"That said sum is long past due and wholly unpaid, and said defendant has failed, neglected and refused to pay the same, although often requested to do so.

"That by reason of said defendant violating the terms and conditions of said contract, and refusing to carry out the terms and conditions thereof, thus leaving said plaintiff out of employment at a time when he was unable to get employment elsewhere, said plaintiff has been damaged in a sum in excess of $1375.00."

The answer denied employment for a year, alleged that the plaintiff was to work for the defendant so long

Millikan v. Shoe Co.

as his services were sufficiently valuable to justify keeping him, and stated that the business done by the plaintiff was not sufficiently profitable to warrant his retention in the defendant's service. It was admitted that the plaintiff was entitled to recover the amount of his salary for the months of October and November, 1912, less his merchandise account. In January and February, 1913, the plaintiff accepted employment by another company for a few weeks to sell gloves on commission, the plaintiff to pay his own expenses. His returns from this employment could not be estimated at the time of the trial, and the plaintiff testified that the commissions might not be more than enough to pay his expenses. On March 8, 1913, the plaintiff engaged in business on his own account, to which he devoted his entire time. The action was tried on June 16, 1913. The court instructed the jury that the question for them to determine was one of fact, whether the contract was of the character claimed by the plaintiff or of the character claimed by the defendant. If the hiring were for a year, the plaintiff was entitled to recover the balance due him for the year, unless he engaged in other business. If the defendant had the right to discharge the plaintiff, he was entitled to recover the amount the defendant admitted to be due. The jury returned a verdict for the sum of $619.20.

The principal subjects of dispute between the parties are the theory of the case and the measure of damages.

The action was one for damages whether such damages were to be measured by the value of the services actually rendered or by the terms of the contract. The plaintiff did not sue for the value of the services he had performed, but predicated his right to recover on the contract pleaded. While the amount claimed at the time suit was commenced was questionable, the plaintiff plainly chose to stand upon the contract and not to treat it as nonexistent. When the suit was com-

menced the plaintiff was entitled to recover his salary for October and November and any damages he had sustained because of the breach of the contract. Assuming that the plaintiff necessarily remained out of employment until the time of trial, he was then entitled to recover as if he had been working for the defendant under the contract. It is immaterial whether the amount recoverable for the time elapsing between November, 1912, and June, 1913, be called wages or damages. *Prima facie* the measure of damages was the amount of the monthly salary stipulated in the contract. If the plaintiff were able to reduce his damages by accepting other employment it was his duty to do so, and if before the trial he in effect acquiesced in the termination of the contract by the defendant, he could not recover on the theory of its subsequent existence.

The verdict of the jury is as clear as if special findings had been made of all the material facts. The plaintiff was allowed $125 per month for the five months beginning October 1, 1912, and ending March 1, 1913, or $625. From this sum the amount of the plaintiff's merchandise account, $16.40, was deducted, leaving a balance of $608.60. Interest at the rate of 6 per cent per annum was computed on this balance from March 1, 1913, until June 15, 1913, which amounted to $10.64. Four cents of this sum were disregarded and $10.60 were added to $608.60, making $619.20, the amount of the verdict.

From the foregoing analysis of the verdict it conclusively appears that the plaintiff's testimony was accepted as true. The defendant's claim of a right to discharge the plaintiff was not credited and the plaintiff's claim of a contract for a year was sustained. The right to hold the defendant to the contract after the plaintiff went into business for himself was denied, and the plaintiff was not charged with any returns upon his glove-selling venture.

Rose v. Bank.

While the instructions relating to the measure of damages were not quite correct, the jury's estimate of the facts being unmistakable, this court can apply the law to them. Applying the principles stated above, the verdict is well sustained by the law and the evidence.

Certain testimony offered to give the jury an understanding of the nature of the employment was fairly relevant to the issue.

The judgment of the district court is affirmed.