No. 38,226

JOHN M. MYERS and TERESA H. MYERS, *Appellees,* v.
ANNA STRAUSS, *Appellant.*

(229 P. 2d 774)

Opinion filed April 7, 1951.

*W. K. Thompson,* of Topeka, argued the cause and was on the briefs for the appellant.

*Arthur F. Davis,* of Topeka, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to enjoin defendant from obstructing an alley back of plaintiff's property. The trial court made findings of fact and rendered judgment for plaintiffs and allowed plaintiffs damages. Defendant has appealed.

The record discloses that Madison street, a north and south street in the city of Topeka, is intersected at right angles by Third street and by Fourth street. The next street west of Madison is Monroe street. As platted there is a north and south alley through the block. The lots in the 300 block on Monroe are laid out with the long way east and west, of a width of 25 feet, and are numbered from the north. Defendant lives on lot 99. The other lots south and to Fourth street are numbered 101, 103, 105 and 107. Plaintiffs are the owners of the east 50 feet of lots 101, 103, 105 and 107, and on their property there are situated three business houses facing south on Fourth street and extending north to within about 40 feet of the south line of lot 99. They reside in one of the buildings.

On December 10, 1900, one Joseph D. Smith and wife, who were the then owners of lot 99, executed a deed to the city of Topeka for

the south 10 feet of lot 99, "to be forever used as a public alley," which deed was duly recorded. By an ordinance, No. 5076, published June 22, 1921, the city attempted to vacate this alley. Later by ordinance No. 5351, published March 11, 1924, the city reopened the alley and repealed ordinance No. 5076. This later ordinance provided that the alley should be reopened without expense to the city, "except the city shall pay the owner of any permanent improvements erected on said alley since the vacation thereof the value of said improvements," and provided the valuation of the improvements to be determined by appraisers appointed by the city. No such appraisers were ever appointed.

At some time in 1945 defendant purchased the north 15 feet of lot 99. That is all the land described in the deed. Her contentions in this action, shortly stated, are that when the city vacated the alley in 1921 the title to the land reverted to the then owner of the north 15 feet of lot 99 (G. S. 1949, 12-506); that ordinance No. 5351, enacted in March, 1924, reopening the alley without expense to the city except the payment for permanent improvements, the valuation of such improvements to be determined by appraisers (G. S. 1949, 13-443), was void for the reason that no such appraisers were ever appointed.

Assuming defendant is correct in her construction of the effect upon the title to the alley by ordinance No. 5076, enacted in June, 1921, we think the contention that ordinance No. 5351, enacted in March, 1924, was invalid because no appraisers were appointed to ascertain the value of the improvements placed on the alley since the vacation thereof is without substantial merit for the reason that there is no evidence in the record that any permanent improvements had been erected on the alley between the dates of these two ordinances.

Sometime after defendant bought the north 15 feet of lot 99 she had a wire fence put along the south line and the front so as to enclose the 10 foot alley with her property, and used a part of it for growing of flowers and a garden. This interferes with its use by plaintiffs for hauling coal and merchandise to the rear of their business properties.

The court found plaintiffs had a legal right to maintain this action, as they have suffered and still suffer a special and pecuniary damage not suffered by the public in general. In this court there is no contention to the contrary. The court further found that the

10 foot strip was an alley of the city, and we concur in that holding.

The court gave judgment in favor of plaintiffs and against defendant for $300 damages. This consisted of the attorney's fee plaintiffs paid their attorney. We know of no statute which authorized that allowance. At the oral argument counsel for appellees were free to state that this part of the judgment may have been erroneous. We think it was.

The result is the judgment of the trial court should be affirmed in all respects except as to the judgment for $300 damages, and as to that it should be reversed.

It is so ordered.