No. 39,868

ORVILLE L. KREHBIEL, *Appellee*, v. MARVIN E. GOERING and ELMER H. GOERING, a partnership doing business as GOERING BROTHERS, *Appellants*.

(293 P. 2d 255)

Opinion filed January 28, 1956.

*Herbert H. Sizemore,* of Newton, argued the cause, and *Kenneth G. Speir* and *Vernon A. Stroberg,* both of Newton, were with him on the briefs for the appellants.

*Eugene T. Shields,* of Dighton, argued the cause, and *James E. Mowery,* of Dighton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for the breach of an oral contract whereby the defendants (appellants) employed the plaintiff (appellee) to operate a farm. Plaintiff recovered and defendants appeal.

Plaintiff claimed he was employed for a year at a monthly salary of $200, payable monthly, and to have the use of the house located on the premises. He commenced work under the contract on April 1, 1953 and continued until November 1, 1953 when he was discharged. The parties complied with the terms of the contract and plaintiff received his salary to the date of his discharge. Under the terms of the contact, plaintiff continued to reside upon the premises for the remainder of the year. On June 4, 1954 plaintiff sued defendants for the balance of the salary due under the contract. The petition stated the contract and alleged that pursuant thereto he performed his part of the agreement to and including November 1, 1953; that defendants performed their part of the agreement by paying the salary up to and including that date; that on November 1, defendants notwithstanding the alleged agreement informed plaintiff that the contract would no longer be recognized by them, and since that date failed and refused to pay plaintiff the agreed salary, and he asked judgment for damages in the sum of $1,000, being the remaining five months salary under the terms of the contract.

Defendants' verified answer alleged the employment contract was a month to month agreement for the plaintiff to continue on the land until the wheat was sowed, and the sowing was completed November 1, 1953. On that date defendants sought to further employ plaintiff for the purpose of sowing a small tract of barley. Plaintiff refused such employment and demanded and accepted payment in full; that plaintiff and his family were permitted to occupy the dwelling house and improvements located on defendants' land at no cost to plaintiff, and after November 1 defendants continued to permit plaintiff to occupy the improvements,

rent free, for the reason that plaintiff was building a residence in the county for himself and family and could not conveniently move until his house had been completed; that prior to November 1, plaintiff without consulting defendants spent a major portion of his time on projects of his own, notwithstanding he had been a full-time employee of defendants. By reason thereof, plaintiff's employment was terminated for cause.

Evidence was presented by the respective parties on the issues thus framed. The jury, after receiving instructions from the trial court to which there were no objections, returned a general verdict for plaintiff. From the judgment entered thereon, defendants appeal.

Defendants first contend the court erred in overruling their motion for a change of venue. Their unverified motion requested an order of the court changing the place of trial from Lane to Finney county for the reason that plaintiff was a resident of Lane county and defendants were residents of McPherson county, and plaintiff was personally acquainted with a large number of persons in Lane county who were qualified to serve as jurors, and defendants could not have a fair and impartial trial by any jury selected from residents of Lane county, by reason of the personal acquaintanceship with plaintiff.

G. S. 1949, 60-511, provides that in all cases in any of the district courts of this state in which *it shall be made to appear* that a fair and impartial trial cannot be had in the county where the suit is pending, the court *may* upon application of either party change the place of trial to some county where the objection does not exist.

It is clear from reading the statute that no change of venue in a civil action should be granted except for cause, true in fact and sufficient in law, and the cause for such change should be made to appear clearly to the trial court. (*Gray v. Crockett,* 35 Kan. 66, 10 Pac. 452.) Defendants' motion contained nothing more than general terms and mere conclusions. It was not supported by affidavits, nor was any evidence introduced to substantiate the conclusions pleaded. A change of venue on account of the prejudice of the inhabitants of the county against a defendant should not be granted unless it is made to appear to the satisfaction of the trial court that the defendant cannot have a fair trial in such county on account of such prejudice. (*Hanson v. Kendt,* 94 Kan. 310, 146

Pac. 1190.) The allowance or refusal of an application for a change of venue in a civil action rests largely in the discretion of the trial court. (*Hanson v. Hanson,* 86 Kan. 622, 122 Pac. 100; *Vaughn v. Hixon,* 50 Kan. 773, 32 Pac. 358.) No abuse of discretion has been made to appear in the instant case.

Defendants urge error in overruling their demurrer to plaintiff's evidence. No useful purpose would be gained in narrating plaintiff's evidence. Suffice it to say the record discloses that the evidence was sufficient to make out a *prima facie* case against the defendants for breach of the oral contract.

Defendants contend the court erred in overruling their motion for judgment notwithstanding the verdict, and predicate their argument on the theory that plaintiff must not only show the amount of damages suffered as a result of the breach, but must further show that such damages could not have been prevented or mitigated. Such is not the general rule of law. Mitigation of damages is a matter of affirmative defense and the burden of proof is upon the party who seeks to establish it. (*Miller v. Kruggel,* 165 Kan. 435, 195 P. 2d 597.)

The issues framed by the parties were definite. Plaintiff claimed that he had a contract for a year at $200 a month; that defendants without cause breached the contract, and he was entitled to recover the salary for the five remaining months. Defendants contend that the contract was from month to month to expire when the wheat was sowed, which was accomplished on November 1 and plaintiff's services were at an end; that plaintiff used the major portion of his time on projects for his own use and benefit, and by reason of his conduct defendants terminated his employment. Defendants did not plead nor prove mitigation of damages. Plaintiff's action was one for damages for the breach of the contract, and he predicated his right to recover on the contract. When the suit was commenced, he was entitled to recover any damages he might have sustained by reason of the breach of the contract. Assuming that plaintiff necessarily remained out of employment until the termination of the contract, he was then entitled to recover as if he had been working for defendants under the contract. It is immaterial whether the amount recoverable for the period between November 1, 1953 and March 31, 1954 be called salary or damages. *Prima facie* the measure of damages was the amount of the monthly salary stipulated in the contract. (*Millikan v. Shoe*

*Co.,* 95 Kan. 327, 329, 330, 148 Pac. 660.) It is disclosed by the record that plaintiff remained on the premises and occupied the improvements with the consent of defendants. From the foregoing, it is clear that the jury accepted plaintiff's testimony as true and rejected the testimony of the defendants on the issuable facts. We find nothing in the record to justify a conclusion other than that reached by the lower court.

The judgment is affirmed.