No. 45,679

MARVIN WILL, *Appellant*, v. CITY OF HERINGTON, KANSAS, (JOHN A. NAGELY, Mayor; D. C. MEULI, Commissioner of Finance & Revenue; LESTER B. BEAMES, Commissioner of Streets & Public Utilities) *Appellee*.

(469 P. 2d 256)

Opinion filed May 9, 1970.

*John F. Christner,* of Abilene, argued the cause and was on the brief for the appellant.

*Thomas J. Butler, Jr.,* of Herington, and *Edwin G. Westerhaus,* of Marion, argued the cause and were on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: In this mandamus proceeding plaintiff sought restoration to public office and damages for discharge from the office. He appeals from summary judgment rendered against him.

The proceeding is a sequel to *Will v. City of Herington,* 201 Kan. 627, 443 P. 2d 667, involving the same parties, which must be briefly reviewed for proper perspective of the present action.

On October 21, 1966, Marvin Will, appellant herein, filed a petition in the district court of Dickinson county claiming compensation from the city of Herington on the basis he had been assistant chief of police of that city and had been illegally discharged from the office on September 16, 1966. Issues were joined and on March 28, 1967, the trial court held in Will's favor, ruling he was properly appointed to but improperly discharged from the office in question,

and further, he was entitled to the stated salary for the office until properly discharged. It should be noted the term of the office which Will claimed was one expiring May 15, 1967.

Immediately after the trial court's decision the city took two actions: It appealed the decision to this court (about which more later), and, on April 4, 1967, it held a hearing and purportedly discharged Will from the office of assistant chief of police.

On May 1, 1967, Will attempted to take an appeal under K. S. A. 60-2101 (*a*) from the city commission's order of dismissal but on June 26, 1967, the district court dismissed the proceeding for want of jurisdiction. No appeal was taken from this order and that proceeding is of no further moment.

On July 14, 1967, Will instituted the present action by filing in the district court a petition in mandamus challenging the legality of his April 4, 1967, discharge. On August 28, 1967, at the request of the city the trial court stayed further proceeding in the mandamus action until further order of the court. This running controversy between Will and his erstwhile employer thus came to a standstill until July 13, 1968, at which time this court announced its decision in the appeal taken by the city from the trial court's March 28, 1967, ruling (*Will v. City of Herington,* supra). Suffice it to say we affirmed that judgment. We pointed out Will was claiming pay only to the period ending May 15, 1967, the date his term of office expired. Our mandate of this judgment was in due course filed in the office of the clerk of the district court; on August 7, 1968, the city paid into that court the full net amount of salary due Will up to May 15, 1967; on the same date Will received that amount from the court clerk in satisfaction of the judgment.

The next step in this litigation was on October 18, 1968, when the city filed its motion for summary judgment in Will's mandamus action. The trial court sustained this motion and Will has now appealed from that order to this court.

In support of the trial court's ruling the city urges application of the familiar doctrine of *res judicata,* that is, when a matter goes to final adjudication the parties to that litigation are bound not only as to matters which were litigated but also as to matters which might have been litigated. We do not think appellant's suit may be so easily disposed of for the reason the essential identity of claims for relief was lacking. In the first proceeding appellant's

claim was based upon his alleged wrongful discharge of September 16, 1966; in this suit he challenges the propriety of his removal occurring April 4, 1967. Hence the doctrine of *res judicata* is inapplicable. We scarcely need point out the latter discharge could be held valid despite the adjudicated invalidity of the former.

This does not, however, dispose of the appeal and a closer analysis of appellant's petition is necessary to determine if summary judgment was properly entered.

As indicated, the petition was one in mandamus, seeking to restore appellant to the office of assistant chief of police of the city of Herington *for the remainder of his term.* Appellant specifically disclaims any entitlement to the office beyond May 15, 1967. His petition was filed July 14, 1967. The difficulty is obvious —appellant's term of office had already expired when the petition was filed and the city could not then restore him to his office as requested. The object to be accomplished by mandamus is performance of a clear, specific, legal duty. Mandamus does not lie where the duty, the performance of which is sought to be compelled, is impossible of performance (4 Hatcher's Kansas Digest, rev. ed., Mandamus, § 9, p. 18; 55 C. J. S., Mandamus, § 14, p. 39; 34 Am. Jur., Mandamus, § 37, pp. 831-832; see also *Riggs v. City of Beloit,* 199 Kan. 425, 429 P. 2d 821).

In his petition appellant requested attorney's fees for prosecuting the action. In *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 438 P. 2d 732, we held that in a mandamus proceeding if the refusal to perform the duty is found to be unreasonable, the plaintiff's attorney's fees are recoverable as damages under K. S. A. 60-802 (*c*). It necessarily follows, however, that if the mandamus action fails then entitlement to attorney's fees must fail also. The rule is, in the absence of statute, attorney's fees of litigants are not allowable as damages (*Myers v. Strauss,* 171 Kan. 91, 229 P. 2d 774).

Appellant in his petition also requested in general terms the allowance of damages, without alleging their specific nature. By no stretch of imagination can the petition be construed as alleging a tort action. It simply alleged the removal from office was improper in several respects, and asked the prescribed pay for the remainder of the term. The claim alleged is closely analogous to one for damages for breach of contract of employment and is essentially of that nature. In such an action the measure of damages is

compensation for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed (25 C. J. S., Damages, § 74, p. 843). In *Krehbiel v. Goering,* 179 Kan. 55, 293 P. 2d 255, where damages were sought for breach of contract of employment, the rule was tersely stated:

"*Prima facie* the measure of damages was the amount of the monthly salary stipulated in the contract." (p. 58.)

We think the foregoing measure of damages appropriate under the facts pleaded in appellant's petition. The loss he sustained by reason of his discharge, assuming its impropriety, was the amount of his salary up to the expiration of the term of office. Concededly, when summary judgment was entered against him, appellant had already received that amount. Thus the trial court properly terminated this protracted litigation and its judgment is affirmed.

APPROVED BY THE COURT.