No. 45,995

J. B. STEEL, *et al.*, former stockholders of the WILLIAM KELLY MILL-ING COMPANY, *Appellees*, v. C. E. EAGLE, *Appellant.*

(483 P. 2d 1063)

Opinion filed April 10, 1971.

*Frank S. Hodge,* of Hutchinson, argued the cause, and *Dennis O. Smith,* of Hutchinson, was with him on the brief for the appellant.

*Lane H. Cronhardt,* of Hess, Dowd, Cronhardt & Leslie, Hutchinson, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an action to recover damages for breach of an "Option Contract" entered into by the plaintiffs, who are former stockholders of the William Kelly Milling Company located in Hutchinson, and the defendant, C. E. Eagle. The district court rendered judgment in favor of plaintiffs, and defendant has appealed.

The factual background of the present controversy began May 7, 1968, when the parties entered into a written contract entitled "Option to Purchase." Under the terms of that instrument defendant was granted the exclusive right to purchase plant "A" of the milling company for the sum of $93,000, the option to exist until December 1, 1968. The recited consideration was "One Dollar," payment of which was acknowledged.

On September 7, 1968, defendant, by letter to plaintiffs requested an "Addenda" to the original option whereby plaintiffs would agree to accept the sum of $70,000 as the purchase price; that not later than September 27, defendant would deposit $5,000 in a bank as evidence of his good faith; and if the money was not deposited, the agreement would be null and void and the original option would continue in effect. After receiving the letter, plaintiffs discussed the matter with their management committee, and finally had their attorney, Mr. Lane Cronhardt, prepare the "Option Contract" which is the subject of this litigation.

The contract dated September 13, 1968, granted defendant the exclusive right to purchase the property for $70,000 until October 30, 1968. Other pertinent provisions of the agreement were as follows:

"Party of the first part [defendant] agrees that he will place in a bank located in Hutchinson, Reno County, Kansas, the sum of five-thousand dollars ($5,000.00) to be held in escrow with instructions to the escrow agent for disbursement in accordance with the terms of this option. Said five-thousand dollars ($5,000.00) to be evidence of good faith on the part of the party of the first part and to be deposited in said bank no later than 12:00 o'clock A. M. October 11, 1968.

"Party of the first part further agrees that in the event that he does not exercise his rights under this option to purchase the property herein described that the above mentioned five-thousand dollars ($5,000.00) shall be forfeited and the escrow agent shall be instructed to pay the sum held in escrow to the party of the second part.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is further agreed by and between the parties that in the event party of the

first part elects to purchase the said property for the purchase price above indicated that the five-thousand dollars held in escrow shall be applied to the purchase price leaving a balance due in the amount of sixty-five thousand dollars ($65,000.00).

. . . . . . . . . . . . . . .

"It is further agreed by and between the parties that in the event that party of the first part fails to exercise his right to purchase the property under the terms of this option that in addition to the forfeiture previously mentioned in this option, this option along with an option entered into by and between the parties dated May 7, 1968, shall terminte [sic] at 5:00 o'clock P. M. October 30, 1968, and party of the first part shall have no further rights or interest in the property above described."

The defendant did not deposit the $5,000, and, in fact, notified plaintiffs he was withdrawing from the program on October 11, 1968. This action was instituted May 23, 1969.

The district court, after hearing the evidence, issued a short Memorandum Opinion, part of which we quote:

"7. The court concludes that the option contract dated September 13, 1968, is not ambiguous.

"8. By the express terms of the contract the defendant is obliged to put the sum of $5000.00 in escrow to be disposed of by the terms of the agreement.

"9. That the plaintiffs are entitled to the benefit of their bargain and judgment should be given plaintiffs in the sum of $5000.00 for breach of said contract."

Defendant's principal point on appeal centers on his assertion that the contract in question was ambiguous in that it was not clear whether he had an option to purchase until the $5,000 was actually placed in escrow, and therefore, his letter of proposed changes in the original option should be considered in determining the intention of the parties. The argument is also made that under the rule that doubtful language in a contract is to be construed most strongly against the party preparing it (the plaintiffs in this case), an option was not contemplated unless the escrow money was paid.

An examination of the "Option Contract" discloses there were at least two material changes from those proposed by defendant in his letter of September 7, 1968—(1) there was no provision that if $5,000 was not deposited the contract would be null and void, and (2) express provision was made that if defendant failed to exercise his option to purchase by October 30, not only would he forfeit the $5,000, but also the original option granted May 7 would terminate. According to testimony of two of the plaintiffs, there were good reasons for requiring defendant to pay $5,000 as consideration for the option. The purchase price was substantially

reduced, and all during the time of the option plaintiffs were precluded from selling the property, and yet were incurring taxes, insurance, and utility expenses. One of the plaintiffs testified: "We figured what it would cost referring to taxes and the great amount of time that had expired and we figured we had a contract in operation and this would be just a matter of interest, is about all it amounted to."

The rule is well established that where parties carry on negotiations and subsequently enter into an agreement in writing with respect to the subject matter, all prior and contemporaneous negotiations are deemed to be merged into the written agreement which constitutes the contract between the parties. Where the agreement is complete, unambiguous, and free from uncertainty, parol or extrinsic evidence tending to vary or substitute a new and different agreement from the one evidenced by the writing is inadmissible. (*Weiner v. Wilshire Oil Co.*, 192 Kan. 490, 389 P. 2d 803; *Oliver v. Nugen*, 180 Kan. 823, 308 P. 2d 132; *Brown v. Beckerdite*, 174 Kan. 153, 254 P. 2d 308; *Cherry v. Joyce*, 168 Kan. 475, 213 P. 2d 1010.)

Ambiguity in a written instrument does not arise until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper one. (*Fast v. Kahan*, 206 Kan. 682, 481 P. 2d 958.) Applying this principle to the "Option Contract" in question, we have no difficulty in concluding that its terms are clear and unambiguous. Hence, there is no occasion for applying rules of construction. (*Shunga Plaza, Inc. v. American Employers' Ins. Co.*, 204 Kan. 790, 465 P. 2d 987.) The contract must be enforced according to its terms so as to give effect to the intention of the parties at the time they entered into the contract, and this must be determined from the four corners of the instrument itself. (*Wiles v. Wiles*, 202 Kan. 613, 452 P. 2d 271; *Anderson v. Rexroad*, 175 Kan. 676, 266 P. 2d 320.)

In our opinion we have here a true option contract whereby defendant had the choice of buying the property at the agreed price during the period September 13-October 30, while plaintiffs had no choice but to sell if the option were exercised. The right of choice is the thing for which a party receiving the option pays, or promises to pay, while the consideration furnished by the party giving the option is his lack of choice in the matter. (*Connell v. Kanwa Oil,*

*Inc.,* 165 Kan. 241, 194 P. 2d 950; *Brick Co. v. Bailey,* 76 Kan. 42, 90 Pac. 803; 12 L. R. A. [n. s.] 745.) An option, when supported by consideration, is a contract to keep an offer open for a specified period of time. In 17 C. J. S., Contracts, § 100 (4), P. 805 it is stated:

"An option founded on a consideration is a unilateral agreement binding, from the date of its execution, on the party who executes it; and it becomes a contract inter partes when exercised according to its terms. In such a transaction two elements exist, the offer on the one side which does not become a contract until accepted on the other, and the completed contract to leave the offer open for a specified time."

The express terms of the contract in this case squarely refute defendant's argument that plaintiffs were under no obligation to perform until he had placed $5,000 in escrow. Plaintiffs were bound by the terms of the agreement to keep their offer open from the date the contract was executed. At the same time, defendant acquired certain rights and obligations in that he was granted the exclusive right to purchase the property during the entire period of the option, in return for which he promised to place $5,000 in escrow by October 11. His obligation to make the escrow payment could hardly be stated in more positive language: "Party of the first part agrees that he *will* place in a bank . . . the sum of five-thousand dollars ($5,000) to be held in escrow. . . ." (Emphasis supplied.) There was a promise for a promise, constituting adequate consideration to form a contract to keep the offer open for the specified period.

The district court properly concluded that the "Option Contract" was unambiguous and under its terms defendant was obligated to place the sum of $5,000 in escrow to be disposed of by the terms of the contract.

Defendant further complains that even if he were required by the terms of the contract to pay $5,000, plaintiffs were only entitled to nominal damages.

The terms of the contract clearly provided that the $5,000 agreed to be placed in escrow would be forfeited in the event the option was not exercised. This, along with the testimony to which reference has already been made, would indicate that said sum, if not paid by defendant, might reasonably be supposed to have been within the contemplation of the parties as constituting the measure of damages. (See, *Hess v. Jarboe,* 201 Kan. 705, 443 P. 2d 294 and cases cited therein.)

In this action plaintiffs predicated their right to recover damages on the contract itself. Ordinarily, a party who is injured by a breach of a contract is entitled to compensation for the injury sustained, and is to be placed, so far as it can be done by a money award, in the same position he would have occupied if the contract had been performed. Thus, where a defaulting party fails to pay a sum of money as agreed under the terms of a contract, and he has received the consideration for which his promise was made, the measure of damages is, in the absence of special circumstances, the principal sum agreed to be paid with interest thereon from the time it was due. In such a situation the amount stipulated in the contract is *prima facie* the measure of recovery. (*Krehbiel v. Goering*, 179 Kan. 55, 293 P. 2d 255; *Millikan v. Shoe Co.*, 95 Kan. 327, 148 Pac. 660; 22 Am. Jur. 2d, Damages, § 47, § 64; 25 C. J. S., Damages, § 79e; 11 Williston on Contracts [3rd ed.], § 1410.) No contention is made that plaintiffs did not fully perform their part of the bargain; therefore, they are entitled to recover the $5,000 defendant had agreed to pay under the terms of the contract.

The judgment is affirmed.