No. 48,090

PHILLIP FREDRICKS and JAMES L. FREDRICKS and EUNCE FREDRICKS, his wife, *Appellants,* v. REX FOLTZ, JACK DAVIS, d/b/a DAVIS OIL COMPANY, and CHAMPLIN PETROLEUM COMPANY, A CORPORATION, *Appellees.*

(557 P. 2d 1252)

Opinion filed December 11, 1976.

*Payne Ratner, Jr.,* of Ratner, Mattox, Ratner, Ratner & Barnes, P. A., of Wichita, argued the cause, and *Patrick L. Dougherty* and *William L. Roberts,* of the same firm, were on the brief for the appellants.

*David H. Fisher,* of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause, and *James P. Nordstrom,* of the same firm, was with him on the brief for the appellee, Champlin Petroleum Company.

*Richard O. Skoog,* of Skoog & Latimer, of Ottawa, argued the cause for the appellee Jack Davis, d/b/a Davis Oil Company, and was on the brief for the appellees, Rex Foltz and Jack Davis, d/b/a Davis Oil Company.

*Robert L. Roberts,* of Gehrt, Roberts & Rieger, of Topeka, argued the cause for the appellee Rex Foltz, and was on the brief for the appellees, Rex Foltz and Jack Davis, d/b/a Davis Oil Company.

The opinion of the court was delivered by

SCHROEDER, J.: The basic question here presented is whether the plaintiff in a damage action can appeal an order of the trial court dismissing the action as to one of several multiple party defendants on a motion for summary judgment, where such judgment has not completely disposed of the action and the trial court has not made the explicit determination and direction of entry of judgment under K. S. A. 1975 Supp. 60-254 (*b*).

Phillip Fredricks and his parents, James L. and Eunce Fredricks (plaintiffs-appellants), filed a damage action for personal injuries to Phillip against three defendants, one being Champlin Petroleum Company (defendant-appellee). The trial court sustained Champlin's motion for summary judgment and held the judgment was a final order but not appealable. On motion of the remaining defendants the trial court then transferred venue to another county. The plaintiffs attack these rulings on appeal.

Champlin Petroleum Company is a foreign corporation authorized to do business in the State of Kansas doing business in Wyandotte County, Kansas. Jack Davis, d/b/a Davis Oil Company (hereafter Davis), is a "distributor" or "jobber" of Champlin products and landlord of a service station in Princeton, Kansas. In addition, Davis operated a bulk plant in Ottawa, and owned or leased three other stations. Rex Foltz, twenty years old in 1972, was Davis' tenant and manager of the "Foltz Champlin Station" in Princeton, Kansas. Rex had no prior experience in running a service station. Phillip Fredricks, seventeen in 1972, worked part time for Rex Foltz.

On June 18, 1972, Phillip Fredricks went to the service station to pick up a car. Richard Foltz, brother of Rex Foltz, drove his 1970 Ford station wagon onto the premises and over an open pit used as a grease rack. He asked Phillip to assist him in changing the oil. While doing so it was discovered that Richard Foltz' gas tank was leaking, and while Phillip was in the pit an explosion and fire occurred injuring Phillip.

On December 26, 1973, Phillip and his parents brought suit against Champlin, Davis and Rex Foltz. The Fredrickses prayed for judgment against the "defendants, and each of them," in the sum of $225,000.

Discovery was conducted. On May 23, 1975, Champlin moved for summary judgment contending there was no material issue of fact to be tried and it was entitled to judgment as a matter of law. Davis and Foltz both filed motions to dismiss or in the alternative to change venue to the Franklin County district court. On June 20, 1975, the trial court sustained Champlin's motion for summary judgment. Plaintiffs' counsel requested the district court to allow an interlocutory appeal which was denied.

On August 6, 1975, the plaintiffs submitted a suggested journal entry which found Champlin without any right of control over Davis or Foltz. It further found "there is no just reason to delay

entry of final judgment in favor of Champlin Petroleum Company and expressly directs that judgment be so entered, terminating the status of said defendant as a party in this action." The trial judge signed this journal entry. After a dispute arose as to the proper form of the journal entry, the trial judge sustained Champlin's motion to settle the journal entry and rescinded the journal entry previously submitted by the plaintiffs which had been signed. A new journal entry was signed, and the court said:

"THE COURT: What I am finding is that it is a final order but it is not an appealable order until such time as all the issues of the case as between all the parties as originally filed are finally determined."

The court also transferred venue of the case to Franklin County.

On August 9, 1975, the appellants filed their notice of appeal. Champlin responded in the Supreme Court by filing a motion to dismiss the appeal, which was denied with leave to renew at the hearing on the merits of the appeal.

We examine first the renewed motion of Champlin to dismiss the appeal. K. S. A. 1975 Supp. 60-254 (*b*) reads:

"When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, *or when multiple parties are involved,* the court may direct the entry of a final judgment as to one or more but fewer than all of the claims *or parties* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims *or the rights and liabilities of fewer than all the parties* shall not terminate the action as to any of the claims *or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims *and the rights and liabilities of all the parties.*"

K. S. A. 1975 Supp. 60-254 (*b*) is identical to the Federal Rules of Civil Procedure, Rule 54(b). Federal interpretations of Rule 54(b) are persuasive. (*Stock v. Nordhus,* 216 Kan. 779, 782, 533 P. 2d 1324.)

By way of caveat we note that Federal Rule 54(b) was amended in 1961 to add multiple parties. (See emphasis in the quoted rule above.) The Kansas rule (60-254 [*b*], *supra*) was not amended to correspond with the Federal rule by adding multiple parties until 1973. (L. 1973, ch. 233, § 1, effective July 1, 1973.) The plaintiffs' cause of action in this case, filed December 26, 1973, is founded upon an accident which occurred on June 18, 1972. But since we are concerned with a *procedural* rule, the 1973 amend-

ment of 60-254 *(b)* applies. (See, K. S. A. 60-201, as amended; K. S. A. 60-2608; and *Rochester American Ins. Co. v. Cassell Truck Lines,* 195 Kan. 51, 402 P. 2d 782.)

Rule 54(b) re-establishes the ancient federal policy against piecemeal appeals with clarity and precision, with the addition of a discretionary power to afford a remedy in the infrequent harsh case. (10 Wright and Miller, Federal Practice and Procedure, § 2653, p. 24 [1973].) A similar policy against piecemeal appeals which tend to extend and prolong litigation exists in Kansas. (*Connell v. State Highway Commission,* 192 Kan. 371, 374, 388 P. 2d 637; and *Meddles v. Western'Power Div. of Central Tel. & Utilities Corp.,* 219 Kan. 331, 548 P. 2d 476.)

The policy against piecemeal appeals is implemented in Kansas by K. S. A. 1975 Supp. 60-254 *(b).* When the district court under this rule has fully disposed of the interest of one or more but fewer than all of the multiple parties, its order lacks finality unless the district court makes an express "direction for the entry of judgment" and a "determination that there is no just reason for delay." The combination of the direction and determination can be referred to as a "certification" that a particular judgment is ripe for review. (10 Wright and Miller, Federal Practice and Procedure, § 2660, p. 82 [1973]; 6 Moore's Federal Practice, para. 54.41[1], p. 711 [2d Ed. 1976]; *Sanchez v. Breed,* 464 F. 2d 448 [9th Cir. 1972]; *Foret v. McDermott,* 484 F. 2d 992 [5th Cir. 1973]; and *Bailey v. McCann,* 539 F. 2d 501 [5th Cir. 1976].)

An express direction for the entry of judgment as to one of several defendants, without an express determination that there is no just reason for delay, is insufficient to support an appeal under Rule 54(b). (*Davis v. National Mortgage Corp.,* 320 F. 2d 90 [2d Cir. 1963]; *Bailey v. Rowan Drilling Company,* 441 F. 2d 57 [5th Cir. 1971]; and 6 Moore's Federal Practice, para. 54.34 [2.-2], p. 561 [2d Ed. 1976].)

The appellants contend the court should hear this appeal and cite *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F. 2d 1228 [5th Cir. 1973]; and *Grimm v. Whitney-Fidalgo Seafoods, Inc.,* 61 F. R. D. 310 [S. D. N. Y. 1974].) Both cases are distinguishable. *Jetco* involved two orders against multiple defendants which, considered together, terminated the litigation. Only one order against one of three defendants is involved here.

*Grimm* involved a motion to alter or amend a judgment. There

the district court found the prejudice to be caused to one defendant by delayed formality seemed to outweigh any prejudice to the plaintiff. It found there was no just reason for delay, and a prior implied direction for entry of final judgment in favor of such defendant was expressly confirmed. Here the converse is true. The trial court found that the prior implied entry of final judgment was erroneous and that its prior conclusion that there was no just reason for delay was erroneous.

Finally the appellants contend the case involving multiple party defendants cannot be transferred to another county unless the party upon which the venue initially rested ceases to be a party.

K. S. A. 60-608 reads:

"If there are several plaintiffs properly joined and venue is determined by the residence of one of them, it shall be necessary that such plaintiff's claim is a substantial part of the action. If there are several defendants properly joined, venue of the action may be determined at the election of the plaintiff as to *any one of the defendants against whom a substantial claim exists.* If, before trial of an action on the merits is commenced, a party with reference to whom venue was determined ceases to be a party and venue would no longer be proper as to the remaining parties, on the application of any remaining party promptly made, the cause shall be transferred to a county of proper venue. If there is more than one such county, the transfer shall be to a county selected by the plaintiff." (Emphasis added.)

K. S. A. 60-611 reads:

"If an action is commenced in good faith and a subsequent timely objection to the venue is sustained, or if before trial on the merit commences, it is found that no cause of action exists in favor of or against a party upon whom venue was dependent, the action shall be transferred to any county of proper venue upon such terms as to costs as shall be fixed by the judge of the county from which the transfer is made. If there is more than one such county, the transfer shall be to a county selected by the plaintiff."

These sections of the Code of Civil Procedure grant the plaintiff the right to select venue where several defendants are properly joined, provided the action is filed in the county of a defendant *against whom a substantial claim exists.* (*Lambertz v. Abilene Flour Mills Company, Inc.,* 209 Kan. 93, 495 P. 2d 914.) Where, as here, it is found by the trial court, before a trial on the merits of the action, that "no cause of action" was stated against Champlin, the party upon whom venue in Wyandotte County was dependent, the trial court was authorized to transfer venue to a county of proper venue. By sustaining Champlin's motion for summary judgment the trial court presumably found no substantial claim existed against Champlin. (The two defendants who moved for

change of venue filed briefs with the trial court, and presumably set forth the statutory reasons for change of venue, but their briefs are not included in the record on appeal.)

This court has held the allowance or refusal of an application for a change of venue rests largely in the discretion of the trial court. (*Krehbiel v. Goering*, 179 Kan. 55, 293 P. 2d 255; and see 77 Am. Jur. 2d, Venue, § 48, p. 896.) While the *Krehbiel* case was decided prior to our new Code of Civil Procedure, it is based upon G. S. 1949, 60-511, which is identical in substance to K. S. A. 60-609, as amended. In the *Krehbiel* opinion the court said:

"It is clear from reading the statute that no change of venue in a civil action should be granted except for cause, true in fact and sufficient in law, and the cause for such change should be made to appear clearly to the trial court. . . ." (p. 57.)

Whether a substantial claim existed against Champlin is a matter within the discretion of the trial judge. (5 Vernon's Kansas Statutes Annotated, § 608.1, p. 77 [1967].) Thus, while the summary judgment order in favor of Champlin is subject to revision at any time before the entry of final judgment in the case under K. S. A. 1975 Supp. 60-254 (*b*), the trial court's conclusion that no substantial claim exists is within the discretion of the trial judge.

Finding no abuse of the power of discretion exercised by the trial court in this case the appeal must be dismissed.

Many articles have been written on the subject of vicarious liability of "Filling Station Oil Companies" under the doctrine of respondeat superior, a point we are not called upon to decide by dismissing this appeal. For the assistance of the bench and bar they are: Annot., 83 A. L. R. 2d 1282 (1962); Note, *Torte Liability of Oil Companies for Acts of Service Station Operators*, 3 Vand. L. Rev. 597 (1950); Note, *Vicarious Liability of Filling Station Oil Companies Under Respondeat Superior*, 3 Washburn L. J. 88 (1964); Note, *Agency—Apparent Authority and Agency by Estoppel: Emerging Theories of Oil Company Liability for Torts of Service Station Operators*, 50 N. Carolina L. Rev. 647 (1972); Comment, 38 Mich. L. Rev. 1063 (1940); Comment, 20 Tex. L. Rev. 385 (1942); Comment, 43 Ky. L. J. 543 (1955); Comment, 1965 U. Ill. L. Forum 915 (1965); Comment, 4 U. S. F. L. Rev. 65 (1969); Comment, 5 U. S. F. L. Rev. 118 (1970); Comment, 33 U. Pitt. L. Rev. 257 (1971); Comment, 7 Land & Water L. Rev. 263 (1972); Comment, 10 Calif. W. L. Rev. 382 (1974); and Comment, 4 N. M. L. Rev. 271 (1974).

The appeal is dismissed.