Dr. Robert C. Dickeson, President University of Northern Colorado Carter Hall, 4th Floor Greeley, Colorado 80639
Dear President Dickeson:
This opinion letter is in response to your June 1983, letter concerning whether a reduced in force faculty member may be certified as being on a bona fide leave of absence.
QUESTION PRESENTED AND CONCLUSION
The question presented concerns whether the University of Northern Colorado (UNC) may certify that a faculty member is on a bona fide [1] leave of absence when such faculty member has been reduced in force yet whose name is retained on a recall list. The university wishes to provide such employees continuing survivor and disability benefits from the Colorado Public Employees Retirement Association (PERA).
 My conclusion is that a reduction in force is a termination or separation from employment and, consistent with the University of Northern Colorado's Policies and Procedures for Retrenchment, the University may not certify that a reduced in force faculty member is on a bona fide leave of absence.
ANALYSIS
The University of Northern Colorado's Policies and Procedures for Retrenchment state that faculty members employed by the university may be reduced in force when their positions are eliminated because of bona fide program exigency. In order to establish the exigency the university must demonstrate that no "less drastic means" than elimination of positions were available for accomplishing its program redirection or reorganization.
UNC's Policies and Procedures for Retrenchment also provide
 that the names of reduced faculty members shall be placed on a recall list for three years following the effective date of the reduction in force. . . . If during the recall period, the program area eliminated or reduced has a vacancy, the position shall be offered first to those faculty members who were reduced from that program area. Offers of reemployment shall be in the reverse order of reduction.
The inquiry here is whether a reduced in force faculty member whose name is retained on a recall list can be placed on a bona fide leave of absence. Leave of absence, as that term is generally understood, is a temporary release of the employee from his obligations under the contract of employment, usually for a specified period of time, either with or without pay. By its very nature a leave of absence presupposes the continuance of the employer-employee relationship. Although a leave of absence has been defined by a plethora of courts, a representative usage of the phrase is found in Goodyear Tire v. Employment SecurityBoard of Review, 205 Kan. 422, 469 P.2d 263 (1970):
 A leave of absence is not a complete separation from employment. It denotes a continuity of the employment status — a temporary absence from duty, with intentions to return — during which time performance of duties of his work by the employee and remuneration by the employer are suspended.
Necessarily inconsistent with a leave of absence is a termination of the employer-employee relationship. "Terminate signifies the act of ending something, implying a final and conclusive act, a complete cessation of effect . . . and its meaning is not interchangeable with suspend." YoshidaInternational Inc. v. United States, 378 F. Supp. 1155
(U.S. Ct. of Claims 1974). A termination of employment means a complete severance of the employer-employee relationship.Bliss v. Equitable Life Insurance Society of theUnited States, 620 F.2d 65 (5th Cir. 1980).
Reduction in force because of declining enrollments and decreasing funds has been equated with termination of the teaching position. Browzin v. Catholic Universityof America, 527 F.2d 843 (D.C. Cir. 1975); Steebyv. School District of the City of Highland Park,56 Mich. App. 395, 224 N.W.2d 97 (Mich.App. 1974). Termination by reduction in force is not a new concept for institutions of higher education in Colorado. Brenna v. SouthernColorado State College, 589 F.2d 475 (10th Cir. 1978) (termination of tenured faculty member for bona fide budgetary exigencies). The reduction in force under UNC's Policies and Procedures for Retrenchment is an effective termination of the employment relationship.
The distinction between "leave of absence" and "termination" has been drawn by courts in fact situations analogous to that presented by the recall provisions in UNC's Policies and Procedures for Retrenchment. In Lewis v.California Unemployment Insurance Appeals Board,56 Cal.App.3d 729, 128 Cal.Rptr. 795 (1976), the court had to distinguish a bona fide leave of absence from an actual termination of an employee where the employee received a promise of reemployment if there was a job available for him. Factors the court relied upon in finding a bona fide leave of absence were: (1) the continuity of the employment status, and (2) the guarantee of reemployment upon expiration of the period of absence. UNC's Policies and Procedures do not meet either prong of this test.
The existence of recall rights does not continue the employment relationship and the reduction in force has the conclusiveness ordinarily associated with termination or dismissal. MaywoodBoard of Education v. Maywood Education Association,168 N.J. Super. 45, 401 A.2d 711 (1979) (no employment relationship existed between employer and employee during the time that employee was reduced in force even though he had statutory right to recall). UNC, through its policies and procedures, has recognized a termination of the employment status of the reduced faculty members.
A bona fide leave of absence cannot exist concurrently with the termination of employment that arises from the reduction in force under the University of Northern Colorado's Policies and Procedures for Retrenchment. Since the university may not grant a leave of absence for its reduced in force faculty members consistent with its own policies and procedures for retrenchment, it is not necessary to consider the rules and regulations of the Public Employment Retirement Association (PERA) in addressing the question presented. Leave of absence and termination by reduction in force occupy contradictory legal positions and certification of their coexistence is not possible.
SUMMARY
To briefly summarize my opinion, the University of Northern Colorado's Policies and Procedures for Retrenchment effectively terminates the employment relationship between the reduced in force faculty members and the university. The university has neither created a guarantee of reemployment nor continued the employment relationship by placing a reduced faculty member on a recall list and therefore may not certify that such faculty member is on bona fide leave of absence.
Very truly yours,
 DUANE WOODARD Attorney General
LEAVES OF ABSENCE EDUCATION, HIGHER EMPLOYMENT HIGHER EDUCATION, DEPT. OF Univ. of Northern Colorado
Leave of absence is not a complete separation of the employer-employee relationship. Reduction in force is a complete separation. Recall provisions without a guarantee of reemployment do not continue the employment status.
[1] "Bona fide" means in or with good faith, honestly, openly and sincerely. "It signifies the absence of fraud or deceit in connection with promises, representations or sincerity or earnest intent or genuineness or authenticity." Merrill v.Department of Motor Vehicles, 71 Cal.2d 907,80 Cal.Rptr. 89, 458 P.2d 33 (1969).